## LEES v. WETMORE.

1. **Equity:** ACTION TO QUIET TITLE: POSSESSION.    A party, out of possession of real property, may maintain an action in equity to quiet the title thereto against the person in possession, and may in such case include a prayer to recover possession.

2. **Will:** EXECUTORS NAMED: TRUSTS.    The persons named in a will as executors, notwithstanding that some of the duties imposed are in the nature of trusts, will be regarded as executors; and a direction in the will that at their discretion they should sell the real estate, will not authorize the conclusion that they were trustees.

3. ———: ———: APPOINTED: FOREIGN WILLS.    Where the executor named in the will fails to qualify, an executor appointed by the court is charged with the same duties and has the same powers as though named in the will; and this rule applies in cases of foreign wills.

4. **Administration:** NOTICE OF SALE: JURISDICTION.    The court having found that the petition therefor was sufficient to authorize granting administration, and that due and legal service of notice of the sale of real estate by the executor had been made upon the minor heir, these being purely jurisdictional matters, the adjudication of the court in respect thereto cannot be questioned in a collateral proceeding.

Lees v. Wetmore.

5. ————: STATUTE OF LIMITATIONS: PRESUMPTION. Where the proofs show that the deceased died out of the State, more than five years before the granting of administration, it will be presumed, in order to support the adjudication of the court, that it was shown his death was not known for more than five years.

6. ————: REAL PROPERTY: JURISDICTION. Administration may be granted upon the basis of real property alone, and when granted the court thereby acquires jurisdiction over the lands of the intestate in any county of the State.

7. ————: NOTICE OF SALE: FINDING OF COURT CONCLUSIVE. The finding of the court, that notice of the sale of lands by an administrator had been duly and legally served upon the parties interested, is conclusive in a collateral proceeding.

8. ————: SALE BY ADMINISTRATOR: TITLE OF VENDEE. The fact that the records do not show that any claims against the estate had been paid by the administrator from the proceeds of the sale of real estate, cannot defeat the title derived from such sale.

### *Appeal from Polk District Court.*

### FRIDAY, APRIL 21.

ACTION to quiet the title to and recover the possession of certain real estate situated in Guthrie county. The cause was originally brought at law, but upon the filing of an amended and substituted petition, was transferred to the chancery docket; and upon a trial on the merits a decree was rendered granting the relief prayed for by plaintiff. Defendant appeals.

*St. John & Williams*, for appellant.

*Wright, Cummings & Wright*, for appellee.

BECK, J.—I. The substituted petition sets out certain proceedings in the probate court and conveyances thereunder,

1. EQUITY: action to quiet title: possession.

upon which plaintiff's claim to recover the land is based, and prays that his title may be quieted and that the cloud thereon, by reason of the conveyances, under which plaintiff claims title, may be removed. After this pleading was filed the cause, upon application of plaintiff, was transferred to the equity docket and tried as an

action in chancery. Defendant insists that this action was erroneous, for the reason that he is in possession of the land, and that plaintiff's proper remedy is an action at law to recover the possession. We have held, however, that an action to quiet title may be prosecuted by one not in possession. *Lewis v. Soule*, 52 Iowa, 11. And we know of no reason or principle of law which stands in the way of the plaintiff, in such a case, uniting a prayer to recover possession with the prayer that the cloud on his title be removed, as was done by the substituted petition in this case.

II. The land in controversy in this case, a half section, was entered by Samuel H. Walker and Almon White, jointly, both of whom have since departed this life, and defendant claims title thereto under a deed executed to him by Mary E. White, the sole heir of each of the patentees, being the daughter of White and granddaughter of Walker. Her heirship and conveyance to defendant are shown by the testimony, and defendant is entitled to the land unless his title is defeated by the proceedings and conveyances, which we will now proceed to consider.

The plaintiff claims under these proceedings the title and interest held by each patentee to the undivided moiety of the land. As each separate interest rests upon a title different from that under which the other is claimed, it becomes necessary to discuss the respective titles separately. We will first consider the title to the undivided half of the land acquired from the government by Samuel H. Walker, the grandfather of Mary E. White, under whom defendant claims the land.

1. In 1864 Walker died, leaving a will which disposes of all his property in the following language:

"*First.* I give and bequeath (at my decease) unto my granddaughter, Mary Elizabeth White, my silver watch.

"*Second.* I desire and order my executors to sell all my real estate and personal property (except the watch) at such times as they shall deem expedient, for the best interest of the estate, and place the proceeds of such sales at interest, until

my granddaughter, Mary Elizabeth White, shall arrive at the age of twenty-one years, after which time I desire and direct that the interest or increase of all my estate be paid over to the said Mary Elizabeth, from time to time, as my executors may deem expedient and proper for her comfort and support, till she, the said Mary Elizabeth, shall arrive to the age of twenty-eight years.

"*Third.* As soon as the said Mary Elizabeth arrives to the age of twenty-eight years, I desire and direct my executors to pay over to her direct all my personal estate, of whatever name or kind.

"*Fourth.* In case the said Mary Elizabeth shall not survive to the age of twenty-eight years, I desire and direct my executors to pay over to my brother, John W. Walker, one-half of all my personal estate, and one-half to my deceased sister's children—Sarah J., Mary Ann, Frederick and Ella, children of Elizabeth Barnard.

"*Fifth.* I do nominate and appoint James P. Brewer, of Claremount, in the county of Sullivan and state of New Hampshire, and John B. Fisk, to be the executors of this my last will and testament."

2. This will was admitted to probate in 1864, in Cheshire county, New Hampshire, where the testator lived and died. John B. Fisk alone qualified as executor. The other person named as executor in the will declined to qualify.

3. In 1865 the will was filed in the County Court of Polk county (the court of probate) and duly admitted to probate as a foreign testament, and John Mitchell was appointed and qualified as the executor for the State of Iowa.

4. The executor, Mitchell, filed in the Polk county probate court a petition, praying that an order be made for the sale of the testator's interest in the land in controversy, in accordance with the provisions of the will. This petition was filed August 15th, 1865, and by an order of the court was set down for hearing on the first Monday of September following, the first day of the next term of the court. It was

further ordered that "notice of the hearing    *    *    *    *    *
be served on the sole heir and legatee according to law."

5.    A notice in proper form was issued addressed to the
sole legatee, Mary E. White, and her guardian, Nathan White,
which was returned with acceptance of service indorsed thereon
and signed by both the legatee and guardian.

6.    An answer to the petition for the sale of the land was
filed by H. M. Bush, alleging that he had been appointed
guardain *ad litem*, and denying the petition and calling for
strict proof of its allegations.    There is no record of an order
of the court appointing a guardain *ad litem*.

7.    Upon the day fixed for the hearing of the case the fol-
lowing record entry was made, showing the proceeding therein
recited.

"This cause now coming on to be heard on petition, notice
served and answer of the guardain *ad litem*, and evidence of
John Mitchell, and the court being satisfied that the notice to
defendant had been legally served, and that under the provis-
ions of the last will and testament of the said Samuel H.
Walker, the right to sell the real estate of the testator is clearly
given, and all things having been fully heard and considered,
it is therefore ordered and decreed that the said real estate,
described in said petition, be sold as provided in the said
will, either at private or public sale, after first being appraised
at its true cash value.

"If sold at private sale the land should bring about the ap-
praised value, and if sold at public sale notice as the law re-
quires must be given; and in either case the sale may be made
for cash in hand, or on time, not exceeding one year, as the
executor may deem best.    And the court appointed as apprais-
ers of the land in said petition described, J. B. Stewart, J. P.
Foster and Thomas Seely."

8.    The appraisers after being duly qualified, made apprais-
ment of the land and report thereof, which the court approved
and confirmed.

9.    In pursuance of the order of sale and the appraisement,

the land was sold to plaintiff's grantors by the executor, who executed a deed therefor, which was returned to the court and duly approved by an order in the following language:

"The following deed having been this 28th day of August, A. D. 1867, returned into court for approval, and it appearing to the court that the said administrator has complied with all the requirements of the law and of this court in making such sale and conveyance, it is now therefore ordered, that the said sale and foregoing deed of conveyance be and the same are hereby approved."

III. Other facts disclosed by the evidence, as the execution of a deed by Fisk, the executor who had qualified in New Hampshire, and the filing of a copy of the will in the probate court of Guthrie county, both having been done after the commencement of this action, need not be here recited, as, in the view we take, they do not figure in the case. Having reached the conclusion that the sale of the land by Mitchell as executor is valid, we are relieved of the duty of considering defendant's objections to the other proceedings had afterwards. This branch of the case, involving the title to the interest in the land held by Walker, may be more satisfactorily disposed of by considering the objections to the proceedings under which the land was sold by Mitchell, urged by defendant's counsel.

IV. It is first insisted that "the power of sale, conferred by Walker's will upon the executors therein named, was a 2. WILL: exe- personal trust, calling for the exercise of their cutors named: judgment and discretion, and could not be delegated by them to Mitchell." And it is also said that "the authority conferred by the will upon the executors was a power coupled with a trust in the proceeds of the land, and the county court had no jurisdiction over the subject of the trust."

Counsel do not, in these quotations, nor in other parts of their argument, assume that the persons named in the will as executors are to be regarded as testamentary trustees and are, therefore, not subject to the law prescribing the powers and duties of

executors. Their position is simply, as they state it, that the executors are clothed by the terms of the will with certain duties and powers in the nature of a trust.    This is quite true, and in all cases excutors are charged with just such trusts, and are in some sense trustees.    But, notwithstanding such trust duties, they are regarded as executors.    If duties are imposed which are in the nature of trusts, and extend beyond the ordinary duties of executors, they become trustees.    See 3 Redfield on Wills, p. 76, Sec. 20, and p. 70, Sec. 10.

In the case before us the will empowered the executors, at their discretion, to sell the real and personal property of the estate and appropriate the proceeds in the manner indicated in the testament.    Executors are often clothed with similar powers which, of course, must be exercised under the control of the court of probate.    The expressed direction of the testator for the distribution of his estate must be observed, when the rights of creditors are not prejudiced thereby.    See Rev., § § 2371–2. The direction of the will in the case before us to the effect that the executors at their discretion shall sell the property, which, as we have said, must be done under the control of the court of probate, does not support the conclusion that the executors are to be regarded as trustees.

V.    An executor is charged with the duty of carrying out the directions of the will under the restriction imposed by law.    If the one named in the will does not accept the appointment and qualify, as required by law, the court of probate appoints another to take his place. Rev., § 2335.    The executor thus appointed is charged with the duty of carrying out the directions of the will.    His powers are not different from those which would have been possessed by the executor named in the will had he accepted the trust.

A will proved in another State is admitted to probate here upon the record of its original probate.    If the executor named therein does not qualify another is appointed by the proper court.    Rev., § § 2328–2331.    An executor of a for-

eign will, so appointed, is charged with the like duties and possesses the like powers as an executor of a will originally admitted to probate in this State.

Under these rules the sale of the land in question by Mitchell was made in the exercise of his power as an executor, not as a trustee. And this power was not delegated by the executors named in the will, but was conferred by the law under his appointment as executor by the probate court of Polk county.

VI. It is argued that the probate of the will and the appointment of Mitchell as executor of Walker's estate is void, for the reason that Walker was not a resident of Polk county and had no property therein. But administration may be granted upon the estate of a non-resident, if he leaves property in the county. Rev., § 2304. The evidence shows that at the time the will was admitted to probate, and Mitchell was appointed executor, certain notes were held in Polk county that were the property of Walker's estate. It is also shown that these notes were enforced against the estate of White. Upon the petition for the appointment of the executor, the court had jurisdiction of the question, whether there was property of Walker within the county. By making the appointment of the executor, the court found that such property was within the county. This adjudication cannot be collaterally assailed. *Murphy, Neal & Co. v. Creighton*, 45 Iowa, 179.

4. ADMINISTRATION: notice of sale: jurisdiction.

Upon granting administration of the estate the court acquired jurisdiction of the land in Guthrie county. Rev., § 2472.

In *Christy v. Vest*, 36 Iowa, 285, no property belonging to the estate was found in the county where administration was granted. In this respect it differs from the case before us, and does not, therefore, support the position of defendant's counsel.

VII. Defendant's counsel insist that the proceedings upon which the sale of the land is based are void, for the rea-

son that it is shown by the proof that service of notice was not made upon Mary E. White, the sole heir and devisee of Walker. Proof was introduced showing that she was at the time, not to exceed seven years of age, and she testifies that the notice was not served upon her, and that she could not have signed the acceptance of service for the reason that she was not, at that time, able to write her name.

The law and the order of court required service of notice to be made upon the heir. The return shows that both she and her guardian accepted service. The court found, and so adjudged, that due and lawful service had been made. This was a matter directly within the jurisdiction of the court, for it was clothed with authority to decide upon the sufficiency of the service of its process. If it be conceded that the return of service, appearing upon the notice, is not sufficient, yet, as the court found and held that there had been legal service, we will presume that due proof of the fact of service was made to the court in some manner other than by the return. See *Shawhan v. Loffer*, 24 Iowa, 217. The sufficiency of the service being a matter within the jurisdiction of the court, its adjudication upon that question, cannot be questioned in a collateral proceeding, but must be regarded as conclusive. *Shawhan v. Loffer, supra; Pursley v. Hayes,* 22 Iowa, 11; *Read v. Howe*, 39 Iowa, 553; *Tharp v. Brenneman*, 41 Iowa, 251; *Farmers Ins. Co. v. Highsmith*, 44 Iowa, 330.

The same rule applies to adjudications upon the sufficiency of the petition or other jurisdictional matters and proceedings in the case.

These decisions and principles require us to hold that, in this case, wherein the validity of the proceedings upon which the lands in controversy were sold are collaterally brought in question, the judgment and orders of the county court must be regarded as conclusive.

VIII. We will now proceed to the consideration of the title of plaintiff to the undivided moiety of the land held by Almon S. White, at the time of his death.

November 26, 1864, John Mitchell was appointed administrator of the estate of White, by the probate court of Polk county. Upon the petition of the administrator an order was made for the sale of the land involved in this suit, with other real property belonging to the estate. Pursuant to this order the sale was made to plaintiff's grantors under whom he claims title to the land. The proceedings and records of the probate court and other facts necessary to be considered, will be sufficiently referred to and stated in our discussion of the objections made by defendant's counsel to plaintiff's title resting thereon, to which we will now proceed.

*5. ———: statute of limitations : presumption.*

IX. It is first insisted that the sale by the administrator, and all proceedings upon which it is based are void, for the reason that more than five years had elapsed after White's death before administration upon his estate was allowed in this State. The statute in force at the time, Rev., § 2357, provides that " administration shall not be originally granted after the lapse of five years from the death of the decedent, or from the time his death was known, in case he died out of the State." The proof shows that White died more than five years before administration was allowed in Polk county. But it is not shown that his death was known for more than five years. As the court had jurisdiction to determine the fact of White's death, and authority to appoint an administrator, we will, in support of its adjudication, presume that evidence was presented establishing all matters necessary to be shown in order to support its action. We will, therefore, exercise the presumption that it was shown that the death of White was not known for five years prior to the granting of administration upon his estate.

X. The administration was granted upon the ground that there was real property in the county of Polk needing the care of an administrator. It is insisted that administration was not authorized in the absence of a showing that there was personal property within the juris-

*6. ———: real property : jurisdiction.*

diction of the court, and that as an administrator has no charge over real estate, the court was not authorized to make the appointment of Mitchell upon the showing made. But this court has held that administration may be allowed upon the basis of real estate alone. *Little et al. v. Sinnett*, 7 Iowa, 324. The statute under which this decision was made was in force when Mitchell was appointed administrator. See Rev., § 2304; Code 1851, § 1272.

XI. The appointment of Mitchell as administrator was asked for the care of real estate in Polk county, and the court appointed him " as such administrator." It is insisted that the language of the appointment limits the powers of the administrator to property found in Polk county. But if the language has the force claimed for it by counsel, which we cannot admit, yet the order would not supersede the law, which declares that when administration is granted, the court shall have jurisdiction over the lands of the intestate situated in any county of the State. Rev., § 2472. The probate court of Polk county, and the administrator appointed by it, had authority over the lands in Guthrie county by virtue of this statute.

XII. It is next insisted that the proceedings are void, for the reason that the parties interested were not notified as required by law. The statute in force at the time provided that before an order could be made authorizing a sale of land by an administrator, "such notice as the court may prescribe must be given to all the persons interested in such real estate." Rev., § 2376. When the petition of the administrator, for the sale of the land, was filed, an order was made directing " legal notice to the parties interested " to be given. Any notice which would have been lawful in such a case, and which the court could have specifically prescribed, was within the contemplation of this order. A notice by publication could have been prescribed and such a notice was lawful. *Read v. Howe*, 39 Iowa, 553. Preliminary to such a notice an affidavit of non-residence of the par-

7. ——: notice of sale: finding of court conclusive.

ties to whom it was addressed need not necessarily be shown. If we should hold that the law required a showing to be made to the county court that the parties were non-residents, we are required to presume that it was given. We must exercise the presumption that in making the order for service of notice the court rightly exercised its jurisdiction, and required all things to be done and shown which were prescribed by the law. The order being within the jurisdiction of the court must be supported by presumptions that are always exercised in favor of the validity of the decision of courts. Code, § 3669.

The court found that the notice had been legally served. This was a decision upon a matter within its jurisdiction and is conclusive. The position is supported by point VII. of this opinion.

XIII. The last objection to the proceedings, urged by counsel for defendant, is that no claims were ever allowed against the estate of White. This position is not in accord with the facts as disclosed by the records. It clearly appears that a claim or claims were filed against the estate and entered in the register of claims. The petition for the allowance of administration shows there were claims against the estate. These records, with other evidence, establishes there was indebtedness of the estate filed as claims in the court. The fact that the record fails to show that claims were paid by the administrator, cannot defeat the title of plaintiff based upon the sale. If there was any irregularity after the sale, the parties interested in the funds must pursue their remedy against the administrator. They cannot recover the land on the ground that the money realized by its sale is not shown to have been properly disbursed. The same remarks are applicable to other irregularities which need not be particularly mentioned.

8. ——: sale by administrator : title of vendee.

The foregoing discussion disposes of all objections raised by the defendant to the decree of the court below. We are of opinion that it is correct and ought to be

AFFIRMED.