## KUHN v. KUHN.

1. **Pleading:** AMENDMENT: ISSUES NOT CHANGED: NO PREJUDICE. On an appeal from a justice's judgment in an action of forcible entry and detainer, plaintiff was allowed to amend his petition by describing more particularly the premises in controversy. *Held* no error, as the issues were not changed thereby.

2. **Landlord and Tenant:** NOTICE TO QUIT: TIME. A tenant holding over after the violation of the terms of an oral lease is at most a tenant at will, and he is not entitled to more than thirty days notice to quit before an action of forcible entry and detainer can be maintained.

3. ———: ———: NOTICE WHERE HOUSE IS A CHATTEL. In an action of forcible entry and detainer by a landlord against a tenant, it was not error to instruct the jury that a notice to quit the house was a notice to quit the land, even though the house was a chattel owned by the tenant.

*Appeal from Superior Court of Cedar Rapids.*

FRIDAY, JUNE 18, 1886.

THIS is an action of unlawful detainer, commenced before a justice of the peace, and it is stated in the petition that the plaintiff hired the defendant to work for him on his farm, at a stated compensation; and "that plaintiff orally leased to defendant the premises on said farm, and along the timber Vinton road, situated in the southeast quarter of the northeast quarter section 24, township 83, range 8 west of the 5th P. M., about twenty-five rods from the dwelling now occupied by plaintiff, for the purpose of building a dwelling as a place of residence for said defendant, to be occupied by defendant so long as he continued in the employ

of plaintiff;" and it is further stated that defendant had quit such employment, and that thirty days' notice to quit said premises had been given the defendant. The latter pleaded a general denial. There was a trial before the justice, and judgment rendered for the plaintiff. The defendant appealed to the superior court, where there was a trial by jury, and judgment rendered for the plaintiff, and the defendant appeals.

*I. L. Albert,* for appellant.

*C. W. Bingham,* for appellee.

SEEVERS, J.—I. Several errors are assigned and discussed by counsel, but, as we understand the record, there are but 1. PLEADING: two legal propositions therein which require amendment: issues not notice. The first is that the superior court per- changed: no prejudice. mitted the plaintiff to amend the petition filed before the justice by the insertion of the following words immediately after the figure and letters "5th P. M.;" "Or near there, and lying in the direct vicinity, and the only house built by defendant on said plaintiff's land." To this action of the court the defendant objected, and moved to strike the amended pleading from the files. The objection was overruled, and this ruling of the court is assigned as error. The only effect of the amendment was to describe the premises, the possession of which the plaintiff sought to obtain, with more particularity than had been done in the petition. The issue remained precisely the same, and this fact clearly distinguishes this case from *Dicks v. Hatch,* 10 Iowa, 380, and *Hollen v. Davis,* 59 Id., 444. The necessity for the amendment, in the absence of a motion for a more specific statement, is not clearly apparent, and we think the defendant was in no respect prejudiced thereby, for the reason that the plaintiff would have been entitled to the relief asked and obtained under the allegations of the original petition.

II.   The court instructed the jury that the defendant was entitled to thirty days' notice to quit before the action was commenced, and that if the jury found that defendant was in the occupancy of a house situated on the land, a notice to quit the house was a notice to quit the land.   If the jury found that the terms of the oral lease had been violated by the defendant, then he was a tenant holding over after the expiration of the lease, or, possibly, he was a tenant at will, which is the. view most favorable to the defendant; but in neither case was he entitled to more than thirty days' notice to quit. The instructions in this respect are clearly correct.

*2. LANDLORD and tenant: notice to quit: time.*

Counsel claim that the house was a chattel, and the defendant had a right to remove it, and therefore the court erred.   We are not sure that we understand the point intended to be made in this respect.   But the court instructed the jury that the ownership of the house was not involved in the action, and it is not claimed that this instruction is erroneous.   For aught we can see, the defendant has the right, and that all the plaintiff claims is that the defendant remove both himself and house from the premises.   It is claimed that the fifth instruction is erroneous.   In this we do not concur, for the reason that the construction of the instruction adopted by the defendant, in our opinion, is clearly incorrect.

*3. ——: ——— notice where house is a chattel.*

Other errors are discussed by counsel, but we think the foregoing is a sufficient indication that they are not well taken.

The judgment of the superior court is

AFFIRMED.