WYLAND *et al.* v. MENDEL *et al.*                    78  739
                                                       89  675

1.  **Pleading**: AMENDMENT: QUIETING TITLE: WRIT OF POSSESSION. Where in an action to quiet title the defendants, one of whom was in possession, filed a disclaimer, it was within the discretion of the court to allow an amendment by plaintiffs asking for a writ of possession, to the end that full relief might be granted in the case. (See *Miller v. Perry*, 38 Iowa, 301; *Lees v. Wetmore*, 58 Iowa, 170.)

2.  ———: ———: CONTINUANCE: WAIVER. The right of a defendant to a continuance on account of an amendment to the petition cannot for the first time be urged on appeal to this court.

3. **Quieting Title:** ADMISSIONS BY FAILURE TO ANSWER: EVIDENCE. Averments of fee-simple ownership in plaintiffs, in an action to quiet title, are admitted when not denied; and where it further appears that some of the defendants have conveyed to plaintiffs, there is sufficient evidence to sustain a decree for plaintiffs, quieting title in them and awarding them possession.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

FILED, MARCH 12, 1888.

ACTION in chancery to quiet in plaintiffs the title to certain town lots. There was a decree for plaintiffs. Defendants appeal. The facts of the case appear in the opinion.

*Wright, Baldwin & Haldane,* for appellants.

*Beard & Myerly,* for appellees.

BECK, J.—The plaintiffs file an amended abstract, the correctness of which is denied by defendants. The issue thus raised we need not determine, as we reach the conclusion that, upon the facts as disclosed by the original abstract, the judgment of the district court must be affirmed.

I. The petition alleges that plaintiffs are the owners in fee of the real estate in controversy, and prays that the title be quieted in them. The defendants answered the petition, denying plaintiffs' title, and alleging that the title is in another, under whom one of defendants holds possession as a tenant. Other matters alleged in the answer need not be recited. Subsequently this answer was withdrawn, and defendants thereupon alleged in a substituted answer that they had not and did not claim title, legal or equitable, to the property. Thereupon the cause came on for trial, and plaintiffs introduced a deed of warranty for the lots to plaintiffs, executed by two of the defendants, one of whom is shown by their answer, which was withdrawn, to hold the possession of the land. No other evidence was

offered by plaintiffs. Defendants offered no evidence. Plaintiffs then, with leave of the court, filed an amended petition asking for general relief, and that process issue to put them in possession of the property. A motion to strike this amendment to the petition was overruled. The plaintiffs, in support of their amendment, introduced in evidence the answer of defendants, which had been withdrawn. Thereupon a decree was entered quieting title of the lots as against the defendants, and ordering process to issue to put plaintiffs in possession of the property.

II. We discover no ground to hold that the amendment to the petition was not allowed; and the decision overruling the motion to strike it was rendered in the exercise of the sound discretion with which the court is clothed by the statute. Code, sec. 2689. See *Miller v. Perry*, 38 Iowa, 301, and cases cited therein.

· III. The relief prayed for in the amended petition was allowable in the case, to the end that equity should be done, and other litigation avoided. In an action in chancery to quiet title the recovery of possession of the property may be awarded by the decree. *Lees v. Wetmore*, 58 Iowa, 170. The district court, therefore, in the exercise of its discretion, was authorized to permit the amendment to the end that full relief should be granted plaintiffs, and justice thereby done. We know of no decision of this court in conflict with these conclusions.

IV. Defendants were entitled to a continuance after the amendment was made, if necessary to secure the proper determination of the case. Code, sec. 2691. But it was not demanded, and they cannot now complain that the decree was rendered upon the submission of the case.

V. The defendants insist that the evidence before the court does not support the decree. It is alleged in the petition that plaintiffs hold the fee-simple title, and the claim to recover possession is in effect an allegation that defendants hold it. The petition is not denied, and its allegations are therefore admitted. In addition

to this, the deed given in evidence shows that two of the defendants conveyed the property to plaintiffs. These facts sufficiently support the decree. The defendants, being parties to the action, are bound by the decree. Others who are not parties are not; their rights are therefore not affected by the decree. We conclude therefore that it ought to be AFFIRMED.