J. W. DAVIS et al., Appellees, v. H. O. NIEMANN et al., Appellants.

No. 42740.

FEBRUARY 14, 1935.

V. H. Byers and Dan Gross, for appellants.

Bennett Cullison and G. C. Wyland, for appellees.

RICHARDS, J.—On March 3, 1934, appellees filed in the district court of Shelby county their petition in equity, against the appellants, in which it was alleged in substance that appellees were the

absolute and unqualified owners of certain described real estate, and that the appellants claim to have some sort of right, title, or interest in and to said real estate adverse to appellees, and that in support of said claims appellants are claiming possession of said real estate, and that said claims of appellants constitute a cloud upon appellees' title and impede and impair their exercise of ownership. The prayer of said petition was in substance that the absolute title of appellees be established and quieted against the appellants and against any claims or demands of right, title, interest, or possession of said real estate and that a writ issue commanding the sheriff to oust the appellants from said premises forthwith and to put the appellees in possession thereof, together with such further equitable relief as the court may deem proper in the premises.

The appellants' answer admitted that appellants are husband and wife and that appellants claimed right, title, and interest in the real estate and the right to possession and that such possession is adverse to the appellees. The answer denied all other allegations of appellees' petition. The answer also set out a contract dated October 6, 1930, alleged to have been entered into between appellees and appellants with reference to the real estate in question, and alleged that appellees failed in certain respects to perform said contract.

Subsequently appellants filed an amendment to their answer in which they denied claiming any right, title, or interest in said real estate adverse to appellees other than possession as tenants and withdrew their allegations that appellees had failed to perform their undertakings under the contract of October 6, 1930.

By motion, which was overruled before the answer was filed, appellants moved to dismiss appellees' petition for the reason that same did not state a cause of action on account of there not being attached to appellees' petition an abstract of the title relied on by appellees. This proposition was also alleged in the answer and amendment as a defense.

Appellees' petition must be construed as a proceeding under chapter 520 of the Code, entitled "Quieting Title", of which chapter we quote the following portion material in a discussion of this appeal.

"12285. Who may bring action. An action to determine and quiet the title of real property may be brought by anyone, whether

in or out of possession, having or claiming an interest therein, against any person claiming title thereto, though not in possession.

"12286. Petition. The petition therefor must be under oath, setting forth the nature and extent of his estate, and describing the premises as accurately as may be, and that he is credibly informed and believes the defendant makes some claims adverse to the petitioner, and praying for the establishment of the plaintiff's estate, and that the defendant be barred and forever estopped from having or claiming any right or title to the premises adverse to the plaintiff."

In chapter 520 is found no requirement that plaintiff attach an abstract of the title on which he relies.

Upon the trial, to establish their title, appellees introduced in evidence a recorded warranty deed dated October 6, 1930, executed by appellants as grantors to appellees as grantees, which conveyed the land described in appellees' petition. Appellees testified they had in no way alienated the land since receiving this deed.

There was introduced in evidence, as Exhibit 3, the contract set out in appellants' original answer; the abstract not showing which party offered the same. By the terms of this contract, appellants were to become the tenants and appellees the lessors of said land for the year ending March 1, 1931, with the privilege on certain conditions, granted appellants, to lease the land again for the year 1931. This contract also contained an agreement that appellees would reconvey said land to appellants for $175 per acre provided the payment be made by February 1, 1931.

Upon cross-examination, appellee J. W. Davis testified that appellants continued in possession of the premises under the same rental of $10 per acre for the years 1931, 1932, and 1933, ending March 1, 1934, excepting that for 1933 the rent was a share of the crop. That appellants have no lease for the year commencing March 1, 1934. That appellants did not exercise their option to repurchase. That the contract, Exhibit 3, never was recorded and the record title appears in appellees.

No evidence was offered by the appellants unless it be the above Exhibit 3.

Appellants in their argument say: "It is the contention of the defendants that plaintiffs adopted the wrong course of procedure." We find from the record that is the only ground on which appellants seek a reversal. In that connection it should be stated that

this question was raised by appellants in the lower court. It was their only defensive issue.

In support of their contention the appellants say that this is an action only for the recovery of real estate, between the landlord and tenant, and cannot involve title and cannot be brought as a quieting title action.

It will be noted that the original answer of appellants admitted that they claimed right, title, and interest in this real estate. Under the issue thus raised there can be no question as to the propriety of the form of action adopted by appellees.

Subsequently by amendment to their answer appellants denied claiming any right, title, or interest in the real estate other than possession as tenants. Without determining whether appellants' contention should be determined by the state of the issues as raised by the original answer or as raised after the amendment thereto had been filed, it is our opinion, in view of our prior holdings to which we hereinafter refer, that in either condition of the issues, the appellees had the right to bring and pursue their cause of action as one for the quieting of title under chapter 520.

Our statutes providing an action in equity for quieting title are in their nature remedial, and being remedial have been liberally construed by this court, and have been applied to any state of facts fairly within their purview. It is natural, as time runs on, that controversies relative to interests in real estate become more complex, requiring remedies of wider application. Thus, in the Code of 1873, was adopted what is in substance our present statutory law for quieting title, in lieu of the quieting title action of more limited scope as provided by the Code of 1851 and the Revision of 1860. Consistent with this tendency to broaden the field in which controversies may be tried out in this form of action is the holding in Equitable Life Insurance Co. v. C. C. Taft Co., 192 Iowa 934, 179 N. W. 880. This case was an action to quiet title. This court found that plaintiff and defendant sustained the relation of landlord and tenant. One ground of defendant's demurrer to the petition was that the action was improperly brought in equity, in that the plaintiff had a plain, speedy, and adequate remedy at law; defendant pointing out that plaintiff had abundant remedy to bring an action for forcible entry and detainer or an action of ejectment at the termination of the lease. This court held that this ground of the demurrer could not be sustained and that the case came fairly

624

within the scope of our quieting title statute as it had been previously construed. The opinion sets out cogent reasons that moved the court in so holding.

The case of Wyland v. Mendel, 78 Iowa 739, 37 N. W. 160, was one brought for quieting title to real estate. The status of the pleadings, the character and the extent of the evidence, and the question of relationship of landlord and tenant between plaintiff and defendant, differ but slightly from the case at bar. The district court quieted title in plaintiff and ordered process to issue to put plaintiff in possession of the property. This court held the relief prayed by plaintiff was allowable to the end that equity be done and other litigation avoided, and held that in an action in chancery to quiet title the recovery of possession of the property may be awarded by the decree; the court citing in support of this last proposition the case of Lees v. Wetmore, 58 Iowa 170, 12 N. W. 238.

We conclude that an action to quiet title under chapter 520 of the Code was a proper procedure in this action, and there being no other question before us on this appeal, and the decree of the district court being approved by this court, the same is affirmed. Procedendo to issue upon the filing of this opinion.

ANDERSON, C. J., and KINTZINGER, ALBERT, POWERS, DONEGAN, and PARSONS, JJ., concur.