ENOS C. BATES, Appellee, v. COYD BATES et ux., Appellants.

No. 46895.

OCTOBER 15, 1946.

REHEARING DENIED DECEMBER 20, 1946.

Frank P. Brennan, of Avoca, for appellants.

G. C. Wyland, of Avoca, for appellee.

SMITH, J.—Plaintiff caused to be served on defendant Coyd Bates, on October 13, 1945, and on defendant Mrs. Coyd Bates, on October 29, 1945, the following notice:

"Notice to Quit Form No. 110N
 Approved by the real estate association, January 1, 1944
 Zaisers, Stationers, Des Moines, Iowa
To Coyd Bates and Mrs. Coyd Bates
 Oakland, Iowa.
 Please notice that I hereby demand of you and each of you that you quit, surrender and deliver to me the possession of the premises now occupied by you, and described as follows, to wit: Southwest quarter of section eleven; north sixty acres of northwest quarter of section 14, all in township 75, range 40, in Pottawattamie County, Iowa, because of requirements of law, on or before March 1, 1946, the same being now held by you

by virtue of a certain written lease made and entered into on the 18th day of August 1943.

Dated at Oakland, Iowa, July 5, 1945.

Enos Bates (signed),

Owner.''

On October 29, 1945, he commenced this suit alleging his ownership of the premises and defendants' possession as hold-overs under an expired written lease, and praying that defendants be barred from asserting any right or claim in the premises ''other than the right to occupy same as tenants until March 1, 1946,'' that title be quieted, and that a writ of possession issue to evict defendants on that date. Defendants admitted plaintiff's ownership but denied all other allegations. They appeal from a decree in favor of plaintiff.

I. Appellants' first contention is that the notice (above quoted) did not comply with section 562.6, Iowa Code, 1946 (section 10161, Code, 1939), which provides (so far as pertinent here) as follows:

''In the case of farm tenants * * * the tenancy shall continue for the following crop year * * * unless *written notice for termination* is given by either party to the other, whereupon the tenancy shall terminate March 1 following * * *.'' (Italics supplied.)

The next Code section provides that such notice must be given on or before November 1st.

Was the notice here a ''written notice for termination''? We find no decision in this or any other jurisdiction that aids us at this point. Neither party cites any. The statute prescribes no form. We think, however, the demand ''that you quit, surrender and deliver to me the possession of the premises now occupied by you'' was, in effect, a declaration and notice of termination. It was inconsistent with continuation of the tenancy.

Appellants must have observed the notice was served just prior to November 1st and by its terms was made effective March 1st following. Such precise conformity to the very dates prescribed by the statute must have suggested the purpose. We

have said a primary object of the notice (when given by the landlord) is to afford the tenant "opportunity to arrange for another farm for the succeeding year." North v. Kinney, 231 Iowa 951, 953, 2 N. W. 2d 407. We think the notice here was sufficient.

II. Appellants, without citation of any authority therefor, brand the notice given as a "notice to quit" under the Code chapter on Forcible Entry or Detention of Real Property. Chapter 648, Code, 1946 (chapter 519, Code, 1939). It is true the three-day notice provided in that chapter is called a "notice to quit." It is also true the notice here calls itself a "notice to quit." But the name is not controlling. The Code editors have also so denominated the thirty-day notice *to terminate tenancy* (as to tenancies at will). See section 562.4, Code, 1946 (section 10159, Code, 1939), and its predecessors in prior Codes. This court, too, has called the thirty-day notice a "notice to quit." Kuhn v. Kuhn, 70 Iowa 682, 28 N. W. 541; Hall v. Henninger, 145 Iowa 230, 236, 121 N. W. 6, 139 Am. St. Rep. 412. The thirty-day notice as to nonfarm tenancies is the counterpart of the November 1st notice to terminate farm tenancies. Their purpose in their respective fields is the same. Of course, that purpose is different from that of the three-day notice to quit. The latter is not for the purpose of terminating a tenancy but is an arbitrary requirement as a prerequisite to bringing a forcible-entry action after the date of termination.

Nevertheless, we think the notice here, though it calls itself and might serve as a "notice to quit" is also sufficient as a notice of termination. It follows that appellants' further contention that their thirty days' peaceable possession after its service was a bar to further proceedings (under section 648.18, Code, 1946, section 12279, Code, 1939) is without merit.

III. One other point is urged by appellants. They argue that the action to quiet title cannot be used to determine in advance whether a tenancy is to terminate (pursuant to notice) at a given date but that the landlord's only remedy is to await the event and rely upon a forcible-entry-and-detention action if the tenant refuses to yield possession.

On this point we must note the unsatisfactory state of the record. Appellee's petition alleged his ownership of the prem-

ises, appellants' possession as tenants, and their threat to refuse to vacate on or before March 1, 1946; in other words, that they were claiming adversely to appellee. Appellants' answer admitted appellee's ownership but denied all other allegations of the petition. No testimony was offered that appellants had stated they would refuse to vacate.

However, appellants have not disclaimed "all right and title adverse to plaintiff" under section 649.4, Code, 1946 (section 12288, Code, 1939). On the contrary, they refused to yield possession, challenged the sufficiency of the notice of termination, and on appeal assign no error based on lack of proof that they were asserting adverse claims. The case seems to have been tried on the theory that appellants *were* making some claim adverse to appellee's asserted right to repossess. We shall so treat the case on appeal.

 We are definitely committed to the proposition that an action to quiet title will lie against a defendant who claims no right, title, or interest adverse to plaintiff other than the right of possession as tenant. Davis v. Niemann, 219 Iowa 620, 258 N. W. 761; Wyland v. Mendel, 78 Iowa 739, 37 N. W. 160; Equitable Life Ins. Co. v. C. C. Taft Co., 192 Iowa 934, 946, 179 N. W. 880. In an analogous case we have asserted the right of a plaintiff to maintain the action against a defendant who by his attitude was claiming adverse possession to a part of plaintiff's premises. Des Moines & Ft. Dodge R. Co. v. Whitaker, 172 Iowa 394, 400, 154 N. W. 604. It is unnecessary to repeat here the reasoning of those cases. They are in harmony with the rule announced in other jurisdictions that a lease which has been forfeited by default or abandonment or which, though originally valid, has by subsequent events become functus officio, casts a cloud on the title of the lessor. 44 Am. Jur., Quieting Title, section 31; 51 C. J. 158, 159, section 39.

 IV. The contention made by appellants that the action was premature seems to be completely refuted by this language in Equitable L. Ins. Co. v. C. C. Taft Co., supra, 192 Iowa 946, 179 N. W. 885:

"One ground of the demurrer was that the action was prematurely brought, and that it was improperly brought in equity,

in that the plaintiff had a plain, speedy, and adequate remedy at law. The argument in support of this ground is that the plaintiff had abundant remedy to bring. an action for forcible entry and detainer, or an action of ejectment at the termination of the lease. The point cannot be sustained. The case comes fairly within the scope of our quieting-title statute (Code Sections 4223 et seq.), as it has been heretofore construed. The very purpose of this statute is to permit prompt litigation over all controversies between adverse claimants of title. The merchantability of the title to real estate is sensitive, and easily impaired by adverse claims, however unfounded. To compel the plaintiff herein to await the termination of the lease before litigating the disputed rights asserted, would be to impair the present merchantability of its title, and to deprive it of its right of possession while the future litigation should be pending. It is certain *now* that it would encounter a dispute *then* as to the date of the termination of the lease. In the interest of efficient and timely remedy, there can be no equitable reason why such dispute should not be determined now. We have heretofore construed our statute broadly, and as applying to every form of hostility to the full right and unclouded title of the petitioner. The plaintiff in such a case is entitled to precipitate the litigation, and to bring in his adversary at once, to try the question of right.''

Appellants suggest the language above quoted was not used in a case arising out of our present statutes providing the method for terminating farm tenancies. But it did concern the propriety of the action to quiet title in an analogous situation, without waiting for an actual refusal by defendant to vacate the premises, and is decisive here.

The statutes providing for actions to quiet title are remedial in nature and should be liberally construed. Davis v. Niemann, supra, 219 Iowa 620, 623, 258 N. W. 761; 44 Am. Jur., Quieting Title, section 5. In many cases, as here, the relief sought is declaratory in character, to be invoked before plaintiff's dominion over his own property is actually interfered with. The remedy has been broadened under state statutes quite beyond the limits of the original equity jurisdiction. The court

1414

here entered decree February 25th, ordering writ of possession to issue March 1st. There is no doubt, under our decisions, of appellee's right in the quieting-title action to combine a prayer to recover possession. Lees v. Wetmore, 58 Iowa 170, 172, 12 N. W. 238; Wyland v. Mendel, supra; Davis v. Niemann, supra. The court did not err in providing for the possible refusal of the appellants to yield possession pursuant to the decree.

Upon the considerations heretofore pointed out the decision of the trial court is affirmed.—Affirmed.

GARFIELD, C. J., and OLIVER, HALE, BLISS, WENNERSTRUM, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.