G. F. SPATARO, appellee, v. SASTO BATTANI, appellant.

No. 51935.

(Reported in 139 N.W.2d 396)

JANUARY 11, 1966.

Joseph Z. Marks and Henry Wormley, both of Des Moines, for appellant.

West, McGrane & Haugen, of Des Moines, for appellee.

LARSON, J.—This is a suit in equity for possession of premises being used as a tavern, restaurant and living quarters, known as 900 Sixth Avenue, Des Moines, Iowa. Plaintiff alleged defendant had breached the terms of a written lease agreement by failure to pay rent, as stipulated, and by permitting the premises to be used for unlawful purposes, and that under paragraph 29 thereof he elected to exercise his option to forfeit the lease.

Defendant's answer admitted the execution of the lease, but denied he had failed to pay rent when due or that he had violated the lease by permitting the premises to be used for unlawful purposes. He admitted being served with a notice to quit on the 30th day of December, 1964, affirmatively alleged uninterrupted and peaceable possession of the premises for the past ten years, and alleged this action commenced January 7, 1965, is barred by the provisions of section 648.18 of the 1962 Code of Iowa.

After several fruitless attempts to get a clear expression of the financial transactions between the parties leading up to January 1, 1965, the trial court found that the lease involved covered a period of five years from November 1, 1963, at a monthly rental of $300 until January 1, 1966, and an increased amount thereafter. It found the rent was payable in advance, and that defendant had not made the November 1, 1964, and December 1, 1964, payments as agreed. It found there was no violation of the provision prohibiting unlawful use of the property, and ordered a warrant issued for defendant's removal from the premises. It found no merit in the contention that this suit was barred by the provisions of section 648.18 of the Code, and defendant appeals.

I. This cause, being in equity, is triable here de novo. While we give weight to the trial court's findings of fact relating to the credibility of witnesses, we cannot accept them if there is

a lack of evidence, even if believed, necessary to sustain that finding. See rule 344(f)7, R. C. P.; McElwee v. DeVault, 255 Iowa 30, 35, 120 N.W.2d 451, 454.

In oral argument before us appellee did not object to the trial court's determination that there was no cause for forfeiture because defendant had been convicted of dispensing beer without a license, and we give that proposition no further consideration. Rule 344(a)4, R. C. P.

Our difficulty comes when we attempt to find in this record evidence which will sustain the court's determination that plaintiff has shown by a preponderance of the evidence that defendant was in default of rent payments prior to January 1, 1965.

II. The burden of proof, of course, is upon the plaintiff, for it follows the rule that he who pleads and relies upon the affirmative of an issue must carry the burden to prove it. Rule 344(f)5, R. C. P. This being a civil case, the burden of proof is measured by the test of preponderance of the evidence. Rule 344(f)6, R. C. P.

As we see it, the nub of this controversy is whether a $500 attorney fee paid by plaintiff to his own attorney on October 8, 1963, for services performed in figuring the accounts of these parties and preparing the lease agreement involved herein, which plaintiff contends defendant agreed to reimburse him, was properly taken out of a $7500 cash payment defendant made to plaintiff on May 8, 1964. Defendant admitted he agreed to pay plaintiff's attorney fee, but contended other arrangements were made to take care of that obligation.

It appears plaintiff had loaned defendant $3500 on October 8, 1963, and it is not denied that this sum, plus interest of $100, was properly taken from the $7500 on or about May 8, 1964. Defendant contends the balance of $3900 was to apply on rent under the lease and paid it up until January 1, 1965. Rent tendered for January 1965 was not accepted.

Appellee argues that when the $7500 was turned over to him, he applied $3500 plus $100 interest to the payment of the loan of October 8, 1963, reimbursed himself for the $500 attorney fee he had paid October 8, 1963, and applied the balance of $3400 to the rent under the lease, and that it was insufficient to

pay the November and December rent in 1964. Plaintiff then exercised his option under paragraph 29, gave defendant a three-day notice as provided therein, and commenced this action on January 7, 1965.

We have examined this record with great care. Plaintiff has established the lease and the obligation of defendant to pay him $300 per month from November 1, 1963, to January 1, 1966. He has established that he made a secured loan of $3500 to defendant October 8, 1963, that defendant repaid it on or about May 8, 1964, plus interest from a $7500 bank loan, and that the *balance* of the $7500 was to apply on the rent of the premises involved. But he has not established that defendant consented or agreed to permit plaintiff on May 8, 1964, to take from the $7500 payment the sum of $500 plaintiff had agreed to repay him. If plaintiff was not permitted to reimburse himself from that $7500 payment, but must apply all of it to the note, interest and rent, then defendant was not in default of rent on December 30, 1964, and this action could not be maintained.

The severity of the penalty under this lease agreement and the extent of the option given lessor requires us in the interest of justice to carefully weigh the alleged causes of forfeiture. The debt to be liquidated by rent payments here was $16,800, which defendant believed included the assumed $500 attorney fee obligation. He also recalled he only obtained $3000 of the $3500 loan on August 8, 1963, and thought that might have been the time of payment. In any event, this is not an action to determine whether such a sum is due plaintiff. There is a bona fide dispute as to whether the $500 was due plaintiff on May 8, 1964. Without a rather clear showing that the parties agreed the $500 attorney fee was to be taken from the $7500 sum delivered to him by defendant, we are unable to find plaintiff has proven by a preponderance of the evidence that defendant had breached the lease by failure to pay rent. Certainly, without defendant's consent plaintiff could not arbitrarily deduct any and all debts he claims were due him from defendant from a sum delivered to him for a specific purpose. To permit him to do so and thus declare a forfeiture of defendant's rights under the lease would seem unconscionable. We conclude plaintiff failed to sustain his

burden of proof to show authorization to deduct the $500 from the $7500 payment, and therefore failed to show a necessary default in rent payments in November and December 1964 to recover in this action.

III.  While what has been said disposes of this appeal, we shall briefly consider appellant's contention that the action here was simply one of forcible entry and detainer, and that when the three-day notice to quit was served on December 30, 1964, and suit commenced on January 7, 1965, section 648.18, Code, 1962, was violated.

Section 648.18 provides: "Thirty days peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to this proceeding." See Roshek Realty Co. v. Roshek Bros. Co., 249 Iowa 349, 87 N.W.2d 8.

Appellee contends this was not such a proceeding as set out in chapter 648, and cites Bates v. Bates, 237 Iowa 1408, 1411, 24 N.W.2d 460, in support of his contention that, although the notice given was entitled "Notice to Quit", it was in fact a notice of termination as provided in paragraph 29 of the lease. We said in Bates that the name is not controlling, and concluded: "Nevertheless, we think the notice here, though it calls itself and might serve as a 'notice to quit', is also sufficient as a notice of termination."

Paragraph 29 of the lease provides: "Failure on the part of the lessee to comply with any of the terms or conditions of lease shall, at the option of the lessor, work a forfeiture of this lease and of all rights of the lessee hereunder, and lessee upon notice of such election, shall within three days thereafter, quit and surrender possession of said premises to said lessor without further notice to quit. Lessor or assigns may recover possession thereof by an action of forcible entry and detainer. The acceptance of partial payment shall not constitute a waiver of the right of lessor to commence said action of forcible entry and detainer during the month on which said partial payments were made."

The trial court correctly held the provisions of section 648.18 were not applicable, that plaintiff had not predicated his right to maintain this action upon the grounds stated in section 648.1(3) or (5), but had simply exercised his option to forfeit

568

the lease in the manner provided therein. Thus there is no merit in this assignment.

IV. Being satisfied plaintiff has not sustained his burden to prove he was authorized to deduct the attorney fee claim from the $7500 payment to him of May 8, 1964, we hold defendant was not in default of rent payments when this action was commenced and must reverse the judgment entered in the trial court.—Reversed.

All JUSTICES concur.