## HARMON v. STEINMAN.

1. CERTIFICATE: SCHOOL LANDS. A certificate of purchase issued by a School Fund Commissioner, does not convey a legal title to the purchaser.
2. SCHOOL LANDS: PATENT. A patent of school lands by the State conveys to the purchaser a legal title which must prevail in a court of law over an outstanding equitable title, even when such title is accompanied by the possession.
3. PATENT: FRAUD. A patent cannot be impeached collaterally, unless fraud appears upon its face.
4. SAME: CHANCERY. A court of equity may go behind a patent and enquire into, and establish an equitable title—a court of law cannot.
5. *Arnold* v. *Grimes*, 2 G. Greene 77, cited and re-affirmed.

*Appeal from Winnesheik District Court.*

FRIDAY, JUNE 17.

This was an action for the recovery of real estate. The defence relied upon, was a contract with the school fund commissioner of Winnesheik county, for the purchase of the land, of the date of June 10, 1854, and possession of the land by defendant, and those under whom he claimed, from the date of the contract.

The plaintiff claimed by virtue of a patent from the State, of the date of May 1, 1856. The cause was tried by the court, and not by a jury, and the court found that "the plaintiff had a valid subsisting interest in, and the legal title to,

the land, as the owner thereof in fee simple, and a right to the immediate possession thereof," and assessed the plaintiff's damages for the detention of the same, at two hundred dollars. Judgment was rendered accordingly for the plaintiff, and from this judgment defendant appeals.

*Noble & Drummond*, for the appellant.

*E. E. Cooley*, for the appellee.

STOCKTON, J.—The evidence on which the finding of the court was based, as set forth in the record, was, that the plaintiff claimed under a patent from the State for the land in dispute, dated May 1, 1856, and the defendant under a contract of purchase with the School Fund Commissioner, dated June 10, 1854. Nothing further appears. Under this state of facts, we think the District Court properly ruled and decided; that by virtue of the patent, the plaintiff held the legal title to the land, which in this action, must prevail over the equitable title of defendant under his contract of purchase with the School Fund Commissioner, even though accompanied by the possession; that the defendant could not be permitted to go behind the patent, and enquire how it happened that a contract of sale was first made with defendant, and a patent for the same land afterwards issued to the plaintiff; that for this purpose, the defendant must resort to a court of chancery; and that where no fraud appears upon the face of the patent, it could not be impeached collaterally in a suit at law. *Arnold v. Grimes*, 2 *G. Greene*, 77.[1]

Judgment affirmed.

---

1. See *Stone* v. *McMahan*, 4G. Greene 72, as to a certificate of purchase, or duplicate receipt, of the treasurer of the Des Moines River Board of Public Works. Code, 1851. sec. 2435.