## COLE v. GILL.

1. POSSESSION UNDER CONTRACT OF PURCHASE. Where the obligee, in a bond for the conveyance of real estate, entered into possession, and held over after a judicial sale of the same to satisfy the balance of purchase money due on the contract, it was held that he was not a tenant at will of the holder of the legal title, and that in a legal action he was bound to surrender such possession to such holder without notice.

2. TENDER: JUDGMENT. A failure by the obligor in a bond for the conveyance of real estate, to tender a deed to the obligee before commencing an action on the notes for the purchase money, would not vitiate his judgment recovered in such action, nor impair his otherwise valid legal title.

3. SAME: CONVEYS NO TITLE. A deed tendered by the obligor in a bond for the conveyance of real estate to the obligee, does not, when it is not accepted, divest such obligor of his legal title.

4. PURCHASE MONEY: HOMESTEAD. A homestead is not exempt from judicial sale for the satisfaction of a judgment for the purchase money: following *Christy* v. *Dyer, ante.*

5. HOMESTEAD: OCCUPANCY. To merely mark out, plat and record a tract of ground as a homestead, is not sufficient to make it such. Its occupancy and use, as a home, by the family, are the esssential requirements.

*Appeal from Jasper District Court.*

FRIDAY, APRIL 10.

ACTION OF RIGHT. The facts, as agreed upon by the parties, are as follows: In October, 1857, one Nathan Cole

was the owner in fee of the lands in controversy, and sold the same to defendant, received about $700 of the purchase money, took two notes for the balance, and gave a bond for a deed upon the payment of said notes. Nathan Cole assigned these notes to plaintiff, who sued upon them, obtained a judgment and execution, and sold thereunder all the interest, right and title of the defendant in and to the said lands.

Defendant, in February, 1861, and after the sheriff's sale, conveyed by quit-claim to Samuel Gill, who paid to the clerk the money to redeem the lands from the sheriff's sale, and obtained the necessary receipt. Plaintiff received this redemption money, crediting the same upon the judgment, leaving a portion, however, still unsatisfied. Nathan Cole, before the institution of this suit, conveyed by quit claim to plaintiff. Defendant was in possession and had been from the time of making the contract. A part of the land is claimed by the defendant's wife as a homestead, and she has had the same platted and recorded as such, of which claim plaintiff had notice at the time of the sale by the sheriff. A deed was executed by plaintiff to defendant, but was never delivered nor accepted. On the 3d of January, 1862, plaintiff served defendant with notice, in writing, to quit the premises in three days. This action was commenced February 22, 1862. Judgment for defendant, and plaintiff appeals.

*Seevers and Winslow* for the appellant contended: 1. That as this is an action at law, the legal title must prevail over the equitable title. *Page* v. *Cole*, 6 Iowa, 153. 2. The fact that defendant is in possession does not make any difference. *Harmon* v. *Steinman*, 9 Iowa, 112. 3. The parties cannot claim a homestead exemption against the purchase money. 4. It does not appear that the premises were used by the defendant as a *home*, and this is essential. *Charless & Blow*

v. *Lamberson*, 1 Iowa, 435; *Rhodes, Pegram & Co.* v. *Mc-Cormack*, 4 Id., 373.

*Casady* v. *Polk* for the appellee.

WRIGHT, J.— Appellee seeks to sustain the judgment of the court below upon two grounds: First; That defendant is to be treated as a tenant at will of plaintiff, and, as such, had not sufficient or proper notice to quit: Second; That he had the legal title.

Counsel entirely mistakes the relation existing between these parties. Defendant was not the plaintiff's tenant. The doctrine applicable to a tenancy at will, has, therefore, nothing to do with this case. It is very manifest that defendant entered into possession under the contract of sale, and, in a legal action, he was bound to surrender such possession to the holder of the legal title, without notice.

Who then, in the second place, had the legal title? It is assumed that defendant had, because, before plaintiff could recover upon the notes, he was bound to execute and tender a deed; that this deed he did tender and bring into court, and thus the title passed. There are two obstacles to this theory. The first is that there was nothing whatever to show that there was a tender of the deed under the circumstances supposed, nor that the deed was ever in court. It is a question of construction, whether plaintiff was or was not bound to tender a deed before suing on the notes. He may or may not have been so. It is very certain that his failure to do so would not vitiate the judgment recovered upon the notes, nor impair his otherwise valid legal title. But, in the second place, it is shown that this deed was never delivered nor accepted. In a legal sense, therefore, it accomplished nothing. The title was not disturbed by its simple execution.

No right is urged in argument under the homestead claim. Nor could there well be, for in the first place the

purchase money had not been paid. *Christy* v. *Dyer*, *ante*. And in the second place, it is not shown that the part claimed was at any time used and occupied by the family. To merely mark out, plat and record a tract of ground, as a homestead does not make it such. Occupancy and its use as a home by the family, are the essential requirements.

Defendant might have had his case transferred to the equity side of the court. This he did not do, however, but relied upon the sufficiency of his legal title, and under the agreed state of facts, we are constrained to hold that this is in plaintiff. *Harmon* v. *Steinman*, 9 Iowa, 112; *Page* v. *Cole*, 6 Id., 153; *Farley, Norris & Co.* v. *Goocher*, 11 Id., 570; *Abbott* v. *Chase*, 13 Id., 453.

Reversed.