BOWDISH v. THE CITY OF DUBUQUE.

1. **Landlord and Tenant**: COMPROMISE: CONSIDERATION. Where one having mere naked possession of land submits to another's claim of ownership upon notice thereof and threat of eviction, and becomes his tenant, the settlement of their conflicting claims, the prevention of litigation, and subsequent peaceable possession, constitute a sufficient consideration for the payment of rent.

2. ———: TENANT CANNOT DISPUTE LANDLORD'S TITLE. A tenant in possession cannot dispute his landlord's title during the continuance of his lease.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 5.

THE petition alleges in substance that on the first day of November, A. D. 1866, he took possession of a certain piece of land in the city of Dubuque, and that he has ever since held

possession thereof, and that he put improvements thereon amounting to more than five hundred dollars, by commencing the erection of a dwelling house for the occupancy of himself and family.

That about the 13th of December, 1866, he was notified by the proper city officials that said city held the title in fee simple from the government of the United States, to said tract of land, and was required either to vacate the same, or pay the city a yearly rent for the use of said property.

That from said statements and representations after diligent inquiry he believed the city did own in fee simple said piece of land, and was entitled to the possession thereof, and had the right to lease the same to him, and to put him in the immediate and exclusive possession thereof for the construction and use of his dwelling house commenced thereon.

That on or about the 13th day of December, 1866, he entered into a contract with the city to lease said lot for the term of twenty-five years, commencing on the first day of January, 1867, upon the condition of paying said city for the use and occupancy thereof, $25 per annum, and that he did thereupon pay said city the sum of $125, for the first five years of said term. That he thereupon proceeded to finish his house, out-buildings, and other improvements, at the expense of nearly three thousand dollars, and filled up said lot to the grade of the street, at an expense of about five hundred dollars, and that in June, 1867, he moved into said house and occupied said premises with his family, and has ever since resided there.

That after the expiration of the first five years for which he paid rent, to-wit: about the 23d day of January, 1873, the city commenced an action against plaintiff to recover possession of said lot, averring in its petition that it held the title thereto in fee simple.

That at the February term, 1873, defendant obtained judgment for the possession of said premises and costs, whereby on or after the first day of June, 1873, the said city can issue a writ of execution against plaintiff to collect the costs of said

suit, and put him out of, and said city into, possession of said land.

That since the obtaining of said judgment, and since the adjournment of that term of court, plaintiff has discovered that the city did not at the time of the making of said contract own said lot in fee simple, nor has it ever owned the same, but that the title thereto was then and still is, in the government of the United States.

That the assumption on behalf of said defendant, that it had title in fee simple to said lot, and authority to lease the same, whereby plaintiff was induced to expend large sums of money thereon, was a deception and fraud upon petitioner on behalf of said city, whereby he has suffered damage in the sum of five thousand dollars.

That the receipt $125 on pretence of absolute ownership of said lot and of leasing the same was a fraud upon the plaintiff, and that no consideration was given on behalf of said city. That the commencement of said suit and the obtaining of said judgment was without any authority or right on the part of said city, and that the judgment is contrary to law and equity and should not be enforced.

That at the time of the judgment in the suit at law he believed, after the most careful search and investigation which he was able to make that said city was the absolute owner of said piece of ground. That governed by that belief he entered into the stipulation set forth in said judgment. That he has since discovered new evidence material to his defense in that suit, consisting of the fact that plaintiff never has been the owner of said lot, and never had any interest or right of possession therein. He prays that the judgment may be set aside; that all further proceedings be stayed and the city enjoined from enforcing said judgment; that he may be allowed to join issue and prove the foregoing allegations; that said city be adjudged to pay him five thousand dollars damages, and to pay back the said sum of $125, with interest.

The judgment in the law action, which is made an exhibit to the petition is as follows:

"This cause now came on to be heard, and both parties

consenting thereto, it is adjudged that plaintiff is entitled to the possession of the premises described in plaintiff's petition, and that at any time on or after the first day of June, next, the writ of execution issue to put the plaintiff in possession thereof, and adjudges defendant for costs herein, taxed at $———."

A general demurrer to this petition was sustained. Plaintiff appeals.

L. A. Thomas and William Mills, for appellant.

William Graham, for appellee.

DAY, J.—It appears from the averments of the petition that plaintiff took possession of the piece of land in controversy on

1. LANDLORD AND TENANT: compromise: consideration.

the first day of November, 1866, and commenced the erection of a dwelling house. There is no pretense that he had any interest therein, or right thereto. In about six weeks he was notified that the city owned the lot, and that he must vacate the same or pay a yearly rent for the use of it. He made diligent inquiry, and believed therefrom that the city owned the lot. There is no pretense that the city's claim of ownership was not made in good faith. It resulted that plaintiff leased the lot for twenty-five years, commencing on the first day of January, 1867, upon the condition of paying $25 per annum rent.

The settlement of the conflicting claims between plaintiff and defendant, and the prevention of litigation respecting the lot, together with the subsequent peaceable possession thereof, constituted a valid and sufficient consideration for the payment of the $125. 1 Parsons on Contracts, fifth edition, page 438, and cases cited.

In legal contemplation the effect of this contract is the same as though plaintiff had given up his naked possession, and gone into possession under the lease. He became the tenant of defendant for twenty-five years upon condition of paying a yearly rent of twenty-five dollars. And under the possession so acquired he occupied the premises a little more than six years before the suit at law was instituted, and made the

improvements set out in the petition. His possession has never been disturbed because of any failure of his landlord's title. The ground of the judgment of eviction does not appear, but it is probable from all the averments in the petition that it was the failure to pay rent after the first five years. The plaintiff appeared in the action at law, and consented that judgment should be entered against him for the possession of the premises. The only material fact which is now alleged as ground for setting aside this judgment and letting the plaintiff in to defend the action, is the alleged subsequent discovery of evidence which would prove that his landlord never owned the land in controversy.

The principle is elementary, founded in the soundest wisdom, and resting upon the highest considerations of justice, that he could not have used this evidence if he had been aware 2. ——: ——: of its existence at the time of the trial. A tenant *tenant cannot dispute landlord's title.* cannot, before the expiration of his lease, and whilst in possession under it, deny his landlord's title. This would have been the position of plaintiff if he had offered the proposed testimony at the former trial. It is true that in *Tewksbury v. McGraff*, 33 Cal., 237, it is said that a tenant may dispute his landlord's title if he has not acquired possession under the landlord. This case is based upon *Cornish v. Lasell*, 8 B. & C., 471. In that case the tenant went into possession of the premises under one landlord and afterward attorned to another. It was held that the tenant might recognize the title of the first landlord and deny that of the last. This doctrine is unobjectionable. But in the case at bar the plaintiff was in possession as a mere trespasser, without any shadow of right. All the rightful possession he ever acquired he derived under the defendant. In legal acceptation he acquired possession from defendant. He cannot, therefore, deny his landlord's title. See Taylor's Landlord and Tenant, § 629; *Simons v. Marshall*, 3 G. Greene, 502; *Walker v. Sedgewich*, 8 Cal., 398; *Jackson v. De Walts*, 7 Johnson, 157. This consideration seems to us to be decisive of the case.

AFFIRMED.