SCHMIDT v. WILLIAMS.

1. **Vendor and Vendee:** TITLE BOND: TIME AS ESSENCE: FAILURE TO PAY: FORFEITURE. One who purchases land and takes a bond for a deed in which time is made the essence of the contract, and then fails to make payment as stipulated, forfeits all right to the land, and his rights are extinguished at the option of the vendor. (Compare *Iowa Railroad Land Co. v. Mickel*, 41 Iowa, 402.)

2. **Trespass:** RAISING CROP ON ANOTHER'S LAND: WHO ENTITLED TO CROP. Where, against the directions of the real owner of land, one who holds a lease therefor from another, who has no title, proceeds to raise a crop thereon, such crop belongs to the real owner, and he may recover it by replevin from him who raised it.

*Appeal from Lyon Circuit Court.*

THURSDAY, JUNE 30.

ACTION in replevin. There was a trial to the court, and judgment was rendered for the defendant. The plaintiff appeals.

*Van Wagenen & McMillen*, for appellant.

*Alfred Morton*, for appellee.

ADAMS, CH. J.—This action was brought by the plaintiff, Augusta Schmidt, to obtain possession of a crop of grain. The defendant had raised the same, and claimed to be entitled to it by reason of such fact. It is undisputed that the plaintiff held the legal title to the land from a time anterior to the sowing of the grain. The plaintiff's deed was offered in evidence, and testimony was also introduced by her showing that, before the grain was sown, she notified the defendant of her ownership, and forbade him from cultivating the land or attempting to raise a crop. He claimed, however, a right to occupy and cultivate the land as a tenant of one Rankin. The plaintiff's evidence was sufficient, standing by itself, to make a case for her, and the question is as to whether the facts established by the defendant were sufficient to overcome

it. In our opinion, they were not. The facts appear to be that at one time Rankin was the equitable owner of the land, and as such rented it to the defendant, who went into possession. Rankin held under a bond for a deed. But time was made of the essence of the contract, and Rankin failed to make the payments as the bond required, and when they were afterwards tendered the vendor refused to receive them, because not made in time. He then sold the land to the plaintiff, who claimed possession of it, and gave notice to the defendant as above stated, and forbade him from raising a crop. It seems to us that, upon this state of facts, Rankin's interest in the land became extinguished. *Iowa Railroad Land Co. v. Mickel*, 41 Iowa, 402.

The defendant's forbidden acts in proceeding to raise a crop, and in excluding the plaintiff from the land, were wrongful, and we cannot hold that out of his wrongful acts a right accrued to him in the crop.

We think the judgment must be

REVERSED.