WILLIAM WESTERMAN, Appellee, v. H. J. RAID et al., Appellants.

**VENDOR AND PURCHASER:** Construction and Operation of Contract
1 —Merger of General Into Specific. A contract of sale, couched in general terms, and contemplating and providing for a definite and specific contract at a later date, is necessarily supplanted by the execution and delivery of such later contract.

**VENDOR AND PURCHASER:** Modification or Rescission of Contract—
2 **Forfeitable Contracts.** A time-of-the-essence contract of purchase

which provides that it shall be "null and void" on failure to perform its conditions is forfeitable under the statute (Sec. 12389 *et seq.*, Code of 1924), no *express* provision for forfeiture being necessary.

**VENDOR AND PURCHASER:** Modification or Rescission of Contract—Forfeiture—Tenable and Untenable Grounds. A forfeiture of a contract of sale on one valid ground is effective even if the vendor assigns other untenable grounds.

**APPEAL AND ERROR:** Harmless Error—Trial—Equity (?) or Law (?) —Refusal to Transfer. The refusal to transfer from equity to law is quite harmless when the record reveals the fact that movant has no defense in law or in equity.

**ELECTION OF REMEDIES:** Right of Election—Quieting Title (?) or Action for Possession (?) The vendor of lands who has effected a complete forfeiture of a contract of sale may institute action in equity to quiet title, even though he might have instituted an action at law for possession.

**VENDOR AND PURCHASER:** Rights of Parties—Homestead Rights Subordinate to Contract Under Which Acquired. Homestead rights which are acquired under a contract of sale are necessarily subordinate to the contract under which they are acquired.

Headnote 1:  22 C. J. p. 1104; 39 Cyc. pp. 1298, 1359.  Headnote 2: 39 Cyc. p. 1359.  Headnote 3:  39 Cyc. p. 1392.  Headnote 4:  4 C. J. pp. 950, 951.  Headnote 5:  20 C. J. pp. 4, 5.  Headnote 6:  29 C. J. p. 864.

Headnote 1:  6 R. C. L. 914.  Headnote 5:  9 R. C. L. 964.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

FEBRUARY 8, 1927.

REHEARING DENIED JULY 1, 1927.

Suit in equity to quiet title. The defendants Raid deny the plaintiff's title, for reasons hereafter made to appear, and aver that they are the owners of the property and entitled to the possession thereof. They also challenge the right of the plaintiff to maintain a suit on the equity side, on the ground that his suit is essentially one to recover the possession of real estate. There was a decree for the plaintiff, and the two defendants Raid have appealed.—*Affirmed.*

*Herminghausen & Herminghausen,* for appellants.

*E. C. Weber,* for William Westerman, appellee.

*Johnson & Martin,* for Donnellson State Bank, appellee.

EVANS, C. J.—The land in controversy is a farm of 120 acres. On and prior to November 14, 1919, it was owned and occupied by the plaintiff. On that date, an executory contract of sale was entered into between the plaintiff and the defendant H. J. Raid. Pursuant to this contract, Raid paid $2,000 earnest money, and agreed to pay the further sum of $10,000 on March 1, 1920. The full purchase price was $24,000, the last half of which was to be deferred in payment until March 1, 1925. The plaintiff agreed in such contract that, upon payment of $10,000 on March 1, 1920, he would give to the defendant a *bond for a deed,* conditioned upon the payment of the balance of the purchase price. He also agreed therein to carry insurance, which, in the case of loss, should inure to the benefit of the vendee, and to pay the taxes. On March 1, 1920, the defendant made the required payment of $10,000, and the plaintiff executed a bond for a deed, which purported to cover all the terms of the agreement of sale. At that time, the plaintiff paid the taxes due up to March 1st. He had also carried the insurance as agreed, up to that date. The bond for a deed executed by the plaintiff and accepted by the defendant required the payment of $12,000 on March 1, 1925, with annual interest thereon at 5 per cent, to be paid punctually on the first of March each year, and required further the payment of all accruing taxes before they should become delinquent. A provision of the contract made time of the essence thereof, and provided that, upon failure to make the payments provided therein punctually, the bond should thereby become "null and void." On March 1, 1921, the defendant was unable to pay the annual interest of $600. It appears also that, after March, 1920, some question had arisen between the parties concerning the title to a 10-acre tract which was included in the contract of sale, and the plaintiff purchased the same back from the defendant, paying him the agreed price therefor. By reason of these two circumstances, a new bond for a deed was executed, on March 1, 1921. This bond omitted this 10-acre tract from its description of the land, and provided for the payment of $12,600, instead of $12,000, in order to cover the unpaid interest. In the further progress of time, the defendant neglected the pay-

ment of taxes. He also defaulted in the payment of interest on March 1, 1924. This default was waived by the plaintiff by the taking of a note therefor, due in 60 days. On March 1, 1925, being the date on which the principal became due, the defendant wholly defaulted therein, both as to principal and interest.

It appears also that, in January, 1922, the defendant had assigned his bond for a deed to the Donnellson State Bank, defendant herein, for an agreed consideration of $4,000. After the final default of the defendant, the plaintiff proceeded, strictly pursuant to Sections 12389 and 12390, Code of 1924, to declare forfeiture of the bond. There was no defect in these proceedings, but the defendant refused to recognize them, and refused to yield possession of the farm, on the various grounds presented as defenses herein and hereinafter considered. The various grounds of defense presented are very numerous, and we shall endeavor to give brief consideration to each one *seriatim*.

One contention is that the real contract in force between the parties was the contract of November 14, 1919, and that such contract had no provision making time the essence of the con-

1. VENDOR AND PURCHASER: construction and operation of contract: merger of general into specific.

tract. It is urged that there was in fact no other oral agreement between the parties than that entered into on November 14th, and that, in so far as the subsequent contract modified the terms of the first contract, such modifications

were incorporated by mistake, and were beyond the intention of the parties. We find no merit in this contention. The contract of November 14th was brief and indefinite, and had special reference to conditions which might transpire between November 14th and March 1st. It expressly provided for a new contract to be executed on March 1, 1920, upon the payment of $10,000. It provided that the plaintiff was to execute on that day bond for a deed. The detailed terms and conditions of the bond were not specified therein. The contract of March 1, 1920, purported to be a bond for a deed, and it specified in detail the conditions thereof. Whereas under the first or temporary contract the plaintiff was required to pay taxes and carry insurance, under the second contract the insurance provision was omitted, and the defendant was required to make prompt payment of taxes. Both parties construed the first contract and the obligations of the plaintiff thereon as to taxes and insurance to apply

only to the interim between the date thereof and March 1, 1920. It is clear that the contract of March 1, 1920, was intended to supplant the preliminary contract of November 14th, and such was its effect. This second contract was supplanted by a third, and the defendant urges that this third contract was executed without any preliminary agreement therefor. But the reasons for the third contract are very manifest, and have already been mentioned: viz., the omission of 10 acres of land and the addition of $600 interest. This contract was a bond for a deed, and was in all other respects like the second contract, and was made to fall due on the same date, March 1, 1925. This contract, like the second one, provided for time as the essence of the contract, and that the contract should become "null and void" upon failure to pay punctually both interest and principal. When it is further considered that the defendant assigned the contract of March 1, 1921, to his codefendant, and that the assignment was joined in by both husband and wife, it emphasizes the want of merit in their contention at this point. We hold that the rights of the parties must be determined under the provisions of the last contract entered into.

Another contention of the defendant's is that, because the contract contained no express provision in terms for a *forfeiture,* the plaintiff had no right to declare a forfeiture or to pursue the

2. VENDOR AND PURCHASER: modification or rescission of contract: forfeitable contracts.

remedy provided by the sections of the statute above referred to. It is argued that it is not sufficient to provide that time is of the essence of the contract, but that there must be also a provision for forfeiture in express terms. The provision actually contained in the contract at this point is that it shall become "null and void" upon failure of the defendant to perform its conditions. The words "forfeit" or "*forfeiture*" are not contained therein. It is argued that one or the other of these terms is essential, in order to confer the right of declaring a forfeiture, notwithstanding that the contract does make time as of the essence thereof. No authority is cited in support of this argument. It is not supported by our own cases. On the contrary, contracts with like provisions as the contracts before us have been repeatedly held by us to be forfeitable. In *Westervelt v. Huiskamp,* 101 Iowa 196, the contract provided that it should become "null and void," as does this one. It did not contain

the word "forfeit." But these terms were held sufficient to sustain a forfeiture. The same thing was true in *Schmidt v. Williams,* 72 Iowa 317; *Iowa Railroad Land Co. v. Mickel,* 41 Iowa 402; and *Bigler v. Jack,* 114 Iowa 667. Indeed, in none of the cited cases was the sufficiency of the terms of the contract challenged at this point. We hold, therefore, that the failure of the contract to incorporate in its terms the word "forfeit" was not material, and that the words used therein were its full equivalent.

Another contention is that the plaintiff had no right to declare a forfeiture, because he had waived the forfeiture provision of his contract. The notice of forfeiture served by plaintiff upon the defendants specified three defaults as grounds thereof: (1) Failure to pay taxes, (2) failure to pay interest, (3) failure to pay the principal on March 1, 1925.

Under the terms of the contract, the plaintiff had a right to declare a forfeiture for failure to pay taxes only in the event that the land was *sold* for taxes. The default of interest payment occurred on March 1, 1921, and March 1, 1924. The right of forfeiture was waived the first time by the taking of the 1921 contract. It was waived as to the payment of interest on March 1, 1924, by the taking of a note due in 60 days. These two grounds of the notice of forfeiture were not tenable, and would not have supported the proceeding. But the third ground was good, and had been in no manner waived. The fact that previous defaults had been waived did not operate as a waiver of future defaults. *Janes v. Towne,* 201 Iowa 691. There was no merit, therefore, in the contention that the plaintiff had fully waived his right to declare a forfeiture under the contract.

3. VENDOR AND PURCHASER: modification or rescission of contract: forfeiture: tenable and untenable grounds.

The other principal contention argued is that plaintiff's case should have been transferred to the law side of the docket; that he had no standing in equity; and that the defendant was entitled to a trial of the law issues before a jury. If the point made were abstractly tenable, it could avail nothing to the defendants, for want of prejudice. Upon the evidence in this record, the defendants could have encountered nothing better in a law action than a directed verdict against them. The evidence

4. APPEAL AND ERROR: harmless error: trial: equity (?) or law (?): refusal to transfer.

wholly fails to show that they had any defense which could have defeated an action at law. It is doubtless true that the plaintiff could have maintained an action at law for the possession of the farm. This does not necessarily preclude him from bringing his suit in equity to quiet his title. The suit is not brought for the purpose of declaring a forfeiture, as contended by the defendants in argument. The plaintiff accomplished the forfeiture by the statutory method, and. terminated thereby all the right of title or ownership of the defendants. The defendants, notwithstanding, asserted their own ownership and claim of right. We know of no rule that would forbid the plaintiff in such a case from bringing a suit to quiet his title. In such a case, a court of equity does not declare the forfeiture. It simply recognizes it as an accomplished fact, when proper legal procedure has been followed.

*5. ELECTION OF REMEDIES: right of election: quieting title (?) or action for possession (?)*

It is further contended that the defendants, as husband and wife, have occupied the farm as their homestead ever since their purchase thereof, and that they have homestead rights which should be protected in a foreclosure proceeding. Sufficient to say that even their homestead rights are subordinate to the contract under which they purchased it. Whatever such rights may be, they have assigned them to their codefendant.

*6. VENDOR AND PURCHASER: rights of parties: homestead rights subordinate to contract under which acquired.*

We are not unmindful of the hardship involved in such a case, to the defendants as debtors. But this is not to be charged to the plaintiff. The oppression from which they suffer is not that of the plaintiff. His attitude has been that of willingness to receive his money due, at any time. The defendants have made no tender, but frankly concede that they have no intention to pay, because they are unable to do so. The claim that the remedy of forfeiture is unconscionable, and should for that reason be ignored by a court of equity, is not tenable. We find in the record no proper grounds of reversal.

The decree below is, accordingly, affirmed.—*Affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.