RAY H. ECKERT, Appellant, v. WILLIAM B. SLOAN, Trustee, et al., Appellees.

No. 40086.

MARCH 11, 1930.

*Clark, Byers & Brunk,* for appellant.

*D. Cole McMartin,* for appellees.

FAVILLE, J.—The Dorr Investment Company owned a tract of land near the city of Des Moines. On June 18, 1923, said Investment Company executed and delivered to the Security Loan & Investment Company, as trustee, a certain deed of trust covering said real estate. Said deed of trust was filed for record on the 4th day of August, 1923. It contained a provision that:

"Any tract of one or more acres may be released from the lien of this deed of trust by the payment of $500 per acre for all land released, including roadways."

On October 12, 1925, at the request of the Investment Company, the said trustee delivered to said Investment Company a written release of a certain strip of ground included in said trust deed, this being a strip 50 feet in width and 160 rods long. This is the tract involved in this action. It is the contention of appellee that said release was made for the sole purpose of having said strip dedicated for a public highway. After execution and delivery of said release, the original trustee resigned, and on April 26, 1926, the appellee was appointed trustee under said trust deed. On June 2, 1926, the appellee brought action for foreclosure of said trust deed, making the Investment Company a party defendant. At said time there was nothing of record to indicate that the appellant had any interest in said property, and appellant was not at said time in possession of the tract in question. On July 3, 1926, while said foreclosure action was pending, the Investment Company executed and delivered to appellant a deed to the said described tract of land. Said deed, however, was not recorded until December 11, 1926. The deed was made subject to incumbrances of record. The partial release which had been executed October 12, 1925, was not recorded until December 8, 1926. The decree in the foreclosure case was entered on December 4, 1926, sale was had, and sheriff's deed was issued to the appellee on May 5, 1928.

Just before the instant cause was reached for trial, the appellant filed an amendment to his petition, alleging that, before the institution of the foreclosure proceedings, he had pur-

chased the tract in question from the said Investment Company by oral contract, and upon the trial he testified that such oral contract was made in March or April of 1926. It is contended by appellee that there was no consideration for the release of the tract in question from the trust deed.

I. From the foregoing statement of facts it appears that the said foreclosure action was pending at the time that the appellant obtained his deed from the Investment Company, on July 3, 1926. The foreclosure action was brought against the said Investment Company, and sought foreclosure of said trust deed upon the entire tract covered thereby, including the tract involved in this action. There was neither actual nor constructive notice to plaintiff in the foreclosure suit, by record title, possession, or otherwise, that the appellant had or claimed any interest in said land. Upon the record, the appellee joined all the necessary parties in the foreclosure proceedings. The appellant acquired his title under his deed of July 3, 1926, while said foreclosure proceedings were pending, and was chargeable with notice of the pendency of said action. He failed to appear in said proceedings, and gave no notice of his deed, by recording or otherwise, until after the decree of foreclosure had been entered.

Section 11093, Code, 1924, is as follows:

"When so indexed said action shall be considered pending so as to charge all third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's rights."

Code Section 11096 is as follows:

"From the time of such indexing, the pendency of the action shall be constructive notice to subsequent purchasers or incumbrancers thereof, who shall be bound by all the proceedings taken after the filing of such notice, to the same extent as if parties to the action."

Under these provisions, the appellant, as a subsequent purchaser, is bound by constructive notice of all of the proceedings in said foreclosure action, to the same extent as if made a party thereto. This would be conclusive in the case unless, for some

other reason,. the pending foreclosure proceedings are not binding upon the appellant, and do not affect his claimed rights to the premises.

II. Appellant claims that the doctrine of *lis pendens* has no application to his situation in the instant case, because of his contention that he made an oral contract with the Investment Company for the purchase of said tract of land at a time antedating the commencement of the foreclosure action. His contention is that, by reason of said oral contract with the said Investment Company, he acquired an equitable interest in said premises prior to said commencement of said foreclosure action, which later ripened into legal title under the deed. In other words, his contention is that he was not a "subsequent purchaser," within the meaning of the statute, but that he was a prior purchaser, under an oral contract.

We deem it a sufficient answer to this contention of appellant's that we do not find from the record sufficient evidence to sustain appellant's claim of such pre-existing oral contract. We think appellant's rights, if any, originated after the commencement of the foreclosure proceedings. The circumstances of the case are quite conclusive on this question.

III. Appellant contends that the release of the tract in question from the trust deed was known to him at the time he made his deal with the Investment Company for the purchase of the tract, and that he had a right to rely upon the fact that said tract had been so released from the trust deed, and hence the pending foreclosure proceedings were in no event binding upon him.

Ordinarily it is true that, where one in good faith purchases a tract of land upon which there is a mortgage, and the mortgagor produces a release duly executed by the mortgagee, the  buyer is justified in purchasing the property in reliance upon said release. It is contended by the appellant that he had a right to rely upon said release, even though he was chargeable with notice of the pendency of the foreclosure proceedings in which the tract in question was involved and against which the trust deed was being asserted. The difficulty that confronts the appellant at this point and throughout his entire case is that an

examination of the record is convincing of a lack of good faith on the part of the appellant and the Investment Company in the entire transaction. In the first place, the release of the tract in question was made for no other purpose than the establishment of a highway. The testimony of the agent of the trustee, as well as the physical fact of the location and condition of the tract, is highly corroborative of this contention. A tract 50 feet in width and 160 rods long, with no means of ingress or egress thereto except from each end, was obviously not intended for a building site or for agricultural purposes.

It is contended by the appellant that there was in fact consideration for the release of the tract from the trust deed by the delivery to the trustee of certain notes which are described in the record as the Davidson notes. We are satisfied from the record that the Davidson notes were no part of the transaction in question, and had no connection with the partial release of the trust deed, but that the sole consideration therefor was that a highway might be established upon said tract, and that this was never done.

Without hesitancy, we reach the conclusion that there was a total failure of consideration for the execution of the release of this tract from the trust deed. Such failure of consideration was well known to the Investment Company. It knew the purpose for which said release had been given, and that said purpose was unfulfilled. Good faith on its part would have deterred it from assuming to convey this tract to the appellant free from any lien of the trust deed, and would have deterred it from displaying the release as an evidence of its right to convey said premises free from the trust deed.

At this point also, we are persuaded from the record that the appellant was not a purchaser of the premises in good faith, for a valuable consideration, and in reliance upon the validity of said release of said trust deed. It is claimed that the appellant gave as such consideration the satisfaction of a claim he had against the Investment Company for $500 for work it had done in grading a portion of said tract as a road, and in addition thereto, the execution of a mortgage of $6,000 upon said tract to one C. C. Dorr, a member of said Investment Company. According to appellant's contention, this would make a consideration of $6,500 for a tract of land of the dimensions previously

described, comprising a total of about 3 acres,—or about $2,000 an acre. The evidence tends to show that the land was worth nearer $500 an acre, or less. Dorr, the evidence shows, was in great need of the $6,000 mortgage, which was used as collateral to some transaction in which he was involved in the state of Texas. Appellant says he bought the tract for speculation, and as an investment. We are convinced from the evidence that the entire transaction between the Investment Company and the appellant was a somewhat thinly disguised attempt on the part of said parties to take advantage of the existence of the release, which had been secured for the sole purpose of the construction of a road, and to endeavor thereby to transfer the title to said tract to the appellant.

The parties are before a court of equity. We are constrained to view this case in the broader aspects of the equitable rights of the parties, rather than upon narrow and technical legal grounds. In *First Nat. Bank v. Hartsock*, 202 Iowa 603, we said:

"The circumstances of a bona-fide transaction are ordinarily consistent with each other, and with generally recognized business methods and fair dealing, and not incredible. A fraudulent transaction naturally begets stilted, contradictory, and incredible evidence. The bona-fide transaction and the fraudulent one each has its well recognized indicia. As said in *Jones v. McGruder*, 87 Va. 360 (12 S. E. 792, 798): 'A transaction may, of itself and by itself, furnish the most satisfactory proof of fraud, so conclusive as to outweigh the answer of the defendants, and even the evidence of witnesses. The circumstances attending and following a transaction are often of such a character as not to leave even a shadow of doubt as to the real object and motive of the parties engaged in it. * * * The motives and intentions of parties can only be judged of by their actions and the nature and character of the transaction in which they are engaged. These often furnish more conclusive evidence than the most direct testimony.' Though the parties concerned testify directly to the payment of valuable consideration and good faith, but the proved circumstances make such direct testimony improbable, and either alone, or with other evidence, leads the mind to the conclusion that the consideration claimed was not paid, or that the trans-

action, instead of being in good faith, was in reality fraudulent, the court should disregard the direct, and accept the circumstantial.''

The foregoing is applicable to the situation in the instant case. We have read the record with care. We conclude therefrom that the appellant has failed to establish any title to or right in the tract of land in controversy adverse to the title of the appellee thereto. The trial court was correct in dismissing the appellant's petition and in quieting the title to said real estate in the appellee.

The decree appealed from is—*Affirmed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.