EDITH A. UTLEY, Appellee, v. E. E. BOONE et al., Appellants.

No. 45554.

August 4, 1941.

Rehearing Denied November 21, 1941.

Swift & Swift, for appellants.

Yoran & Yoran, for appellee.

HALE, J.—This action was originally brought under chapter 517 of the Code, to recover possession of real estate. Later there was an amended and substituted petition in equity to quiet title, filed March 8, 1940. Plaintiff's contention in her petition, summarized, is that her title was superior to any claim of defendants, which claim, she alleges had been relinquished, abandoned, and waived by defendants by reason of (1) voluntary relinquishment of their rights under a contract and oral leasing and payment of rent for a number of years prior to the beginning of the action; (2) failure of performance by the defendants of the obligations of their contract which became due April 30, 1928, and that all their rights thereunder are now barred by the statute of limitations; (3) further relinquishment and waiver of rights under the contract by written lease dated December 24, 1938; and (4) estoppel to deny plaintiff's title. The defense set up by answer of Mrs. L. C. Boone, which answer was adopted by other defendants, in addition to a general denial,

was that the property in question was the homestead of E. E. Boone and L. C. Boone, husband and wife; that said possession of a homestead right was under a contract of purchase; that she believes and therefore alleges that the purchase price was paid and that her rights under said contract had not been foreclosed or forfeited in a statutory manner; that any rights of the plaintiff were inferior to the rights of these defendants under their homestead right; that the lease from plaintiff to defendants was void by reason of duress; and that the statute of limitations had run against the plaintiff. Plaintiff replied, denying generally, and denying duress, denying that the purchase price was ever fully paid, and further denying defendants' homestead rights. On trial the court found in favor of the plaintiff, and defendants appeal from such decree.

Plaintiff is the owner of record of certain town property in Manchester, deriving title thereto as part of the estate of her deceased husband, G. H. Utley, who purchased the land from one Clark, and by deeds from the heirs. On April 30, 1923, the former owner, Clark, and his wife, entered into a contract for sale on payments to E. E. Boone and his wife L. C. Boone, by the terms of which Clark agreed to sell and the Boones to purchase the property in controversy, upon payment of $2,000 "on April 30, 1923, said Two thousand dollars to draw interest at the rate of eight per cent, payable semi-annually, due April 30th, 1928." The second parties, Boone and wife, were given the privilege of paying $100 or even multiple thereof on any interest-paying date after the expiration of the first six months; and second parties were to receive a warranty deed when the full amount of the purchase price had been paid; and second parties were to pay all taxes and special assessments. First party was to keep the premises insured in the sum of $2,000, payment of premium to be made by the second parties, who were also to keep the premises in good repair at their own expense. Time was to be of the essence of the contract, and failure to make payments as provided in the contract, or to pay taxes and special assessments, or to keep the property in good repair, would give first parties the right to declare a forfeiture of the contract, and all amounts, paid by second parties should be forfeited as liquidated damages. No

note for the amount of the contract price was mentioned. The evidence shows failure of full performance, and failure to pay taxes as agreed. Besides the original suit at law, filed February 19, 1938, there were filed various pleadings, among them a motion to require plaintiff to amend the abstract of title filed with petition and to strike a part of the petition. This motion was not ruled upon until after December 23, 1938, on which date ·judgment was entered by default for the plaintiff. On the same day, December 23, 1938, defendants' attorney, being informed by plaintiff's attorney that default had been entered, filed a motion to set aside the default on the ground that a motion was on file and undisposed of at the time of entering the default and judgment. This motion, on May 15, 1939, was sustained by the court, and a ruling entered setting aside the default and judgment of December 23, 1938. Thereafter other pleadings were filed and eventually, on March 8, 1940, plaintiff filed her amended and substituted petition in equity, the claims of which are heretofore set out. Answer was filed April 10, 1940. Pending proceedings a receiver was appointed. E. E. Boone, originally named as a defendant, died, and his heirs were substituted.

I. Defendants' first contention is that the entire record discloses that the defendants were rightfully in possession of the real estate under a contract of purchase which has never been forfeited or foreclosed in any legal manner. Defendants argue that under the statutes a mere failure to· pay the· purchase price does not in itself effect a forfeiture of the vendee's interest in the property, that some act on the part of the vendor is required. They insist that the vendor can pursue only one of two remedies—first, forfeiture under the provisions of chapter 527, Code of 1939, and second, foreclosure as in the case of a mortgage, as provided in Code sections 12382 and 12383.

That actions to quiet title have allowed such relief seems to be the rule in this state, on the theory that in an equitable action equity has full power to give all relief necessary. Mc-Kenney & Seabury v. Nelson, 220 Iowa 504, 262 N. W. 101; Davis v. Niemann, 219 Iowa 620, 258 N. W. 761, citing Wyland v. Mendel, 78 Iowa 739, 37 N. W. 160, and Lees v. Wetmore, 58 Iowa 170, 12 N. W. 238. See also, Eckert v. Sloan, 209 Iowa

1040, 229 N. W. 714; Westerman v. Raid, 203 Iowa 1270, 212 N. W. 134. In Equitable Life Ins. Co. v. Taft Co., 192 Iowa 934, 179 N. W. 880, which sustains the plaintiff's right to maintain this form of action, the court says (page 946 of 192 Iowa, 179 N. W., page 885):

"We have heretofore construed our statute broadly, and as applying to every form of hostility to the full right and unclouded title of the petitioner. The plaintiff in such case is entitled to precipitate the litigation, and to bring in his adversary at once, to try the question of right."

II. Defendants assail plaintiff's alleged oral release of the contract as not being valid under the statute of frauds, being a transfer of interest in real estate. We do not need to consider whether the reconveyance as claimed by plaintiff is substantiated, since the case must be determined on other grounds. Much of the evidence offered would be incompetent under Code section 11257, relating to transactions with one deceased. Other parts of the testimony offered consist of receipts on printed rent-receipt forms, cancelled checks, tax receipts, and entries in an account book, on three pages of which appear credits to Boone. Much evidence along this line was offered, but whether or not the testimony satisfies the requirements of the statute of frauds so as to amount to proof of a surrender of the contract, it does evidence that there had been a failure of defendants to comply with the contract, and that they have long been in default as to payments and are not therefore in a position to demand conveyance, nor have they been.

III. Whether or not there was a former surrender of the contract, a different question arises as to the lease executed on December 24, 1938, which was signed by plaintiff and by E. E. Boone and Mrs. L. C. Boone. This lease was to extend over a period of fourteen months. It is now attacked by defendants on the ground of duress, but we do not believe the evidence in the case supports this contention. Defendants claim that as a circumstance surrounding its execution, the entry of the default judgment, together with the physical condition of E. E. Boone and his fear of being removed from his home, were causes of the signing of the lease. But the mistaken

entry of the judgment occurred on December 23, 1938, and almost immediately, on the day of entry, defendants' attorney was apprised by plaintiff's counsel of such default and judgment and filed a motion to set it aside. The lease was prepared with some parts blank, by the attorney who had represented plaintiff, but it was signed in the office of defendants' attorney, and there were present Harry G. Utley (son of the deceased), E. E. Boone, and also plaintiff's attorney and defendants' attorney. There were negotiations as to the length of time the lease had to run, and the substance of the testimony as to the transaction in the office indicates that settlement of the controversy was there carried out. All persons had knowledge of the court proceedings and the motion to set aside the judgment then on file. Mr. Boone, whose age does not appear in the record but was alleged in the answer to be seventy-six years, was present and represented by counsel. That he was not in good health is no doubt true; but that he was in such condition or the circumstances were such that he was under duress does not appear. Two physicians testified, one as to his condition some time before the date of signing, and one who treated him after February 1, 1940. Neither of the physicians, nor any member of his family, testified as to a mental weakness, nor as to his physical condition in December 1938. We fail to find any clear, satisfactory, or convincing evidence of duress or compulsion. McKenney & Seabury v. Nelson, supra. Nor does the evidence show that it was not a voluntary arrangement. That it was not all he desired is no doubt true, but that he accepted the lease without duress or compulsion is plain.

IV. Plaintiff claims that defendants as tenants under the lease referred to cannot deny or dispute her title. That a tenant is estopped to deny the landlord's title is elementary. Bowdish v. Dubuque, 38 Iowa 341; Stout v. Merrill, 35 Iowa 47; McClenahan v. Stevenson, 118 Iowa 106, 91 N. W. 925. Defendants cite Galleger v. Duhigg, 218 Iowa 521, 255 N. W. 867, in support of their argument that the lease in this case did not so operate as to prevent defendants' assertion of title. In the case cited, however, the court found that the lease was executed under such duress and imposition as to defeat the defense of estoppel. A fraudulent or invalid lease, like any

other contract of that kind, could properly be assailed. We do not here so find as to the lease in this case. Holding that the lease was executed voluntarily and not under duress, and that the relation of landlord and tenant exists, we must further find that the general rule applies and that the defendants are estopped from disputing the title of plaintiff. In support of her claim plaintiff cites Chambers v. Irish, 132 Iowa 319, 109 N. W. 787; Bibler v. Bibler, 205 Iowa 639, 646, 216 N. W. 99, 102, and cases cited; McKenney & Seabury v. Nelson, supra; Burmeister v. Council Bluffs Inv. Co., 222 Iowa 66, 268 N. W. 188. The doctrine announced in the cases cited bears out her contention that, having entered into the contract of lease and thus recognized and accepted the title of plaintiff, defendants cannot now be heard to dispute such title.

V. Defendants claim a homestead right in the property by virtue of their contract and occupancy. They insist that having such rights they can be surrendered only by the execution of a conveyance under the provisions of Code section 10147, prescribing that the conveyance or encumbrance of the homestead must be by a joint instrument. But we do not think that the statute applies, since we fail to find that defendants have now or have ever had any rights of homestead as against the plaintiff. The contract was for the purchase price. In Westerman v. Raid, supra [203 Iowa 1270, 1276, 212 N. W. 134, 136], it is said:

"It is further contended that the defendants, as husband and wife, have occupied the farm as their homestead ever since their purchase thereof, and that they have homestead rights which should be protected in a foreclosure proceeding. Sufficient to say that even their homestead rights are subordinate to the contract under which they purchased it."

The view there taken has always been the uniform rule in this state. As stated in Johnson County Sav. Bank v. Carroll, 109 Iowa 564, 575, 80 N. W. 683, 684, citing and quoting from Loftis v. Loftis, 94 Tenn. 232, 28 S. W. 1091: "So long as the original consideration of the debt remains,—the purchase of the land,—the homestead cannot prevail against it, even though the debt be assigned, renewed, or extended." See also 29 C. J.,

Homesteads, page 844, section 149, where the general rule is stated to be that one holding under contract is entitled to a homestead exemption except as to the liability under the contract for the unpaid purchase money; and on page 845, section 153, it is also stated that the homestead right is lost with the loss of the rights of the purchaser under his contract for the purchase of the land. The rule is referred to and adopted also in Christy v. Dyer, 14 Iowa 438, 81 Am. Dec. 493; Cole v. Gill, 14 Iowa 527; Burnap v. Cook, 16 Iowa 149, 85 Am. Dec. 507; Hyatt v. Spearman, 20 Iowa 510; Brunsdon v. Brunsdon, 199 Iowa 1099, 200 N. W. 823; Westerman v. Raid, supra.

We do not find it necessary to consider or discuss the other questions raised by the parties. We think our holdings as heretofore set out are sufficient, and our ruling must be that the decree of the district court was right and should be sustained.— Affirmed.

All JUSTICES concur.