Melvin E. SCHUMACHER,
Plaintiff-Appellant,

v.

Robert A. McDONALD and Della M.
McDonald, Defendants-Appellees.

No. 2–66135.

Court of Appeals of Iowa.

Feb. 24, 1982.

James A. Pugh of Pogge, Root & Steege, Council Bluffs, for plaintiff-appellant.

Robert L. Brink of Nash, Eller, Brink & Claussen, Denison, for defendants-appellees.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Appellant-purchaser, Melvin E. Shumacher, appeals from trial court's award of damages in this action arising from appellee-vendors' forfeiture of a contract for the sale of real estate. He asserts that trial court erred in failing to state criteria upon which it measured the award of damages, and further erred in determining the amount awarded because the proper measure of damages would result in a considerably larger award. Appellee-vendors, Robert A. and Della M. McDonald, cross-appeal asserting trial court erred in finding they breached the contract. We reverse trial court's judgment and remand this case for a determination of damages.

Appellant and appellees entered into a written real estate contract for the purchase and sale, respectively, of a nightclub known as the "Golden Slipper" on December 24, 1975. The total purchase price was $80,000. Pursuant to the agreement, appellant paid the sum of $30,000 as a downpayment and agreed to make monthly installments of $633.43 until the entire balance was paid in full. These payments were to be made to the local bank, which held appellees' mortgage on the property.

Appellant took immediate possession of the property and made improvements on it with the assistance of his sons. He also made the monthly installments from that time forward until the spring and summer of 1977. At that time, for various reasons, the business was not successful and appellant continued its operation on an irregular basis. When appellees did not receive the July 15th and August 15th, 1977, payments, they caused a notice of forfeiture of the real estate contract to be served upon appellant on August 24, 1977. The notice of forfeiture also claimed that appellant had failed to provide insurance on the property.

Testimony of the parties conflicted on the issue of appellant's attempts to cure, however, trial court found that appellant attempted to pay the delinquent installments to appellees. According to trial court's findings, appellant obtained a certified check in the amount of $633.66 and gave it to his son, Gailen Shumacher, together with his signed, personal blank check. Appellant instructed his son to deliver the checks to appellees and make payments of the claimed delinquencies, as well as the costs of service and notice. Appellant's son attempted to deliver the checks on August 17, 1977, but appellees told him "it was too late." Prior to the expiration of 30 days after service of notice of forfeiture, appellees changed the locks on the building and prevented the plaintiff's access to the property.

On May 9, 1979, appellant filed a petition at law alleging that appellees wrongfully took possession of the premises and, by reason of that breach, damaged plaintiff in the amount of $50,000. Trial to the court on September 18, resulted in a judgment for appellant in the sum of $5,000. From this judgment, appellant appeals and appellees cross-appeal.

I. Scope of Review. Since this is an action at law, our review is for correction of errors only. Iowa R.App.P. 4.

II. Discussion. Because we find appellees' argument on cross-appeal to be persuasive, we will focus on these issues. Appellees set forth six arguments in support of their assertion that trial court erred in determining appellant was entitled to damages. They argue: 1) since appellant failed to perform his obligations under the contract, he is precluded from maintaining a

law action for damages based upon breach of contract; 2) a vendor's service of notice of forfeiture and subsequent resale of property does not constitute abandonment or rescission entitling the purchasor to recover his payments; 3) since appellant failed to give notice to appellees of his intention to rescind, appellant's attempt to rescind was ineffective; 4) appellant should be barred from recovery by the doctrine of laches; 5) appellant failed to raise the equitable remedy of rescission in the trial court and is thereby barred from raising the issue for the first time on appeal; and 6) appellees complied with the provisions of chapter 656, The Code, and thus perfected forfeiture of the real estate contract. We believe the last assertion is dispositive.

■ We begin our analysis by considering the options available to appellees upon appellant's failure to make his required payments. Upon a vendee's default, a vendor may elect "(1) to keep good a tender of performance on his part, and demand the balance of the purchase price; (2) to terminate the contract because of the default of the purchaser, and recover his damages; (3) to rescind the contract; or (4) to enforce a forfeiture under the statute." *First Nat. Bank v. Le Barron*, 201 Iowa 853, 856, 208 N.W. 364, 366 (1926); *Waters v. Pearson*, 163 Iowa 391, 399, 144 N.W. 1026, 1029–30 (1914). Appellees contend that they elected the fourth option, that is, perfection of a forfeiture of the real estate contract pursuant to chapter 656.

In its findings of fact and conclusions of law, trial court determined that appellees failed to comply with the provisions of that chapter by 1) refusing to accept appellant's tendered cure of his default and 2) assuming possession of the premises prior to the expiration of 30 days after service of notice of forfeiture. While the testimony was conflicting on the issue of tendered cure, the trial court determined that appellees' testimony in this matter was not convincing.

■ The principles governing our review of trial court's findings are well settled. Trial court's findings of fact have the effect of a special verdict and are equivalent to a jury verdict; if supported by substantial evidence they are binding upon us and the judgment will not be disturbed on appeal. Iowa R.App.P. 14(f)(1). A finding of fact is supported by substantial evidence if the finding may reasonably be inferred from the evidence. *Briggs Transportation Co. v. Starr Sales Co.*, 262 N.W.2d 805, 808 (Iowa 1978). The record is reviewed in the light most favorable to the judgment. *Pillsbury Co. v. Ward*, 250 N.W.2d 35, 38 (Iowa 1977). We will not weigh the evidence or pass on the credibility of witnesses. *Thomas Truck & Cast Co. v. Buffalo Cast & Wheel Corp.*, 210 N.W.2d 532, 536 (Iowa 1973); *Northrup v. Foster*, 204 N.W.2d 889, 890–91 (Iowa 1973).

■ Our examination of the record reveals trial court's finding that appellant attempted to make payment on August 17, 1977, is supported by substantial evidence. This fact, however, does not support trial court's conclusion that appellant attempted *cure*. Appellant's right to cure existed only by virtue of chapter 656. At the time of tender, however, appellees had not yet elected to pursue their statutory remedy. Appellant thus had no right to cure, and appellees were under no obligation to accept the tendered payments. Subsequent to appellant's tender, on August 24, 1977, appellees elected to pursue their statutory remedy by serving the required notice of intent to forfeit the contract and further informing appellant he had thirty days in which to perform the conditions in default. There is no evidence, however, that appellant attempted to cure during this thirty-day period by tendering the delinquent payments or providing insurance coverage on the property, as the law requires, for one seeking relief from forfeiture. *Babb's, Inc. v. Babb*, 169 N.W.2d 211, 215 (Iowa 1969). Nevertheless, we must determine whether trial court erred in concluding appellees failed to comply with the provisions of chapter 656 by dispossessing appellant prior to the expiration of thirty days, a finding which is clearly supported by substantial evidence.

In this regard, appellees argue that a vendor's repossession of property subsequent to a notice of forfeiture does not constitute abandonment or rescission entitling the purchasor to recover his payments. We agree. The law provides that an attempt to perfect a forfeiture is an attempt to maintain the contract rather than repudiate or nullify it. *Mintle v. Sylvester*, 202 Iowa 1128, 1133–36, 211 N.W. 367, 370–72 (1926). Thus, notwithstanding an illegality in a vendor's forfeiture action, retaking of possession, while attempting to perfect forfeiture, evidences an intent to enforce the contract, not repudiate it. *Id.* Since rescission requires clear and convincing proof of intent to repudiate the contract, *McLain v. Smith*, 201 Iowa 89, 98, 202 N.W. 239, 243 (1925), rescission is generally not applicable where there is an attempt to forfeit and stand by the contract. *Id.* at 98–99, 202 N.W. at 243–44. Such circumstances, of course, amount to an exception to the established rule that retaking of possession ordinarily is considered by law to be an act of rescission. See *McLain*, 201 Iowa at 98, 202 N.W. at 243.

We find that this exception is applicable to the facts of this case and that appellees' repossession by changing the locks on the building was necessary to preserve the property and protect their interests. *Id.* Such acts did not make performance impossible. See *Kilpatrick v. Smith*, 236 Iowa 584, 591, 19 N.W.2d 699, 702 (1945). The business had been open sporadically only, utility bills were unpaid so there was no night security lighting, and several acts of vandalism had occurred. Changing the locks was consistent with the provision in the contract requiring appellant to maintain insurance on the property which was originally sold for $80,000. Also, we note that appellant made no request for possession during the 30-day period.

In conclusion, we find that appellant made no effort to cure his default after the notice of forfeiture was served, that appellees acted prudently by changing the locks, and that the forfeiture became complete thirty days after the notice was served.[1] Appellant's claim for damages, if any, therefore is limited to any loss of possession he suffered during the 30-day period. We, therefore, remand this case to trial court for a determination on the existing record of the damages, if any, for such loss of possession.

REVERSED AND REMANDED.

---

1. The record does not clearly reflect whether the forfeiture was formally completed by recordation of the notice. In any event, the court has the power to declare it completed in adjudicating the rights of the parties in this action. See *Utley v. Boone*, 230 Iowa 979, 299 N.W. 437 (1941).