**Art MALLOY as Natural Parent and Next Friend of Randy Eugene Malloy and Ronald Erwin Malloy, Minors, and Art Malloy, Individually, Appellants,**

v.

**GUTHRIE COUNTY, Iowa, Appellee.**

**Kenneth BATES as Natural Parent and Next Friend of Shawn Lee Bates, a Minor, and Kenneth Bates, Individually, Appellants,**

v.

**GUTHRIE COUNTY, Iowa, Appellee.**

**No. 68615.**

Supreme Court of Iowa.

May 22, 1985.

---

Willis J. Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellants.

Donald H. Mackaman, Jr., Greenfield, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON, and CARTER, JJ.

UHLENHOPP, Justice.

The determinative question in this appeal is whether substantial evidence supports the fact findings of the trial court.

I. Three adolescent boys (a driver and two passengers) were proceeding northerly in a car on a county graveled road at night. The road came to a "T" intersection with another road. Before arriving at the intersection the boys approached and passed a "narrow bridge" sign, and then passed over the bridge itself. Under usual conditions they would next have approached a "Yield" sign on their right side of the road at the T intersection. Someone, however, had replaced the yield sign with another narrow bridge sign, taken from the opposite side of the road. The boys proceeded into and across the intersection and into the ditch on the other side, with resulting injuries to all three of them and damage to the car. The boys and their fathers brought these consolidated damage actions against Guthrie County.

One of the disputed questions at trial related to the length of time the misplacement of the signs had existed, as bearing on whether the county, in the exercise of due care, should have known about and

corrected the misplacement before the time of the accident. Other disputed questions related to whether the driver would have seen the yield sign and slowed and avoided the accident had that sign been in the proper place, as bearing on proximate cause; whether the county was negligent in any event in failing to erect other signs to warn of the T intersection; and whether the driver was contributorily negligent. The trial court, sitting without a jury, resolved all of these questions against the plaintiffs and gave judgment in favor of the county.

■ The trial court's findings in this law action, if supported by substantial evidence, bind us. Iowa R.App.P. 14(f)(1). The question, therefore, is not whether we would have found for plaintiffs but whether the trial court's findings have substantial evidentiary support. *Koehler v. State,* 263 N.W.2d 760 (Iowa 1978); *Schumacher v. McDonald,* 320 N.W.2d 640 (Iowa App. 1982). Our review of the record persuades us that they do. The evidence on some of the issues does not strongly support the findings, but we cannot say it does not generate fact questions.

II. On appeal, the case went first to the Court of Appeals, which reversed for a redetermination of the issues of negligence, proximate cause, and damages. As to negligence that court held as a matter of law that a T intersection sign should have been erected at the intersection at a minimum, and that the district court erred in holding the county could decide the yield sign (had it not been misplaced by persons unknown) would provide sufficient warning to oncoming travelers.

We pass by the proximate cause problems raised by the trial court's finding that the accident would not have occurred if the yield sign had not been misplaced, and by its finding that the county "could not in the exercise of reasonable care have known of the switched signs"—had a T intersection sign been erected originally instead of the yield sign, it would not have been in place anyway, without negligence on the county's part. The specific problem presented relates to the negligence issue: whether,

under the record, plaintiffs established as a matter of law as the Court of Appeals held that a T intersection sign was required and a yield sign would be insufficient.

The statute on this subject is section 321.255 of the Iowa Code (1983):

Local authorities in their respective jurisdiction shall place and maintain such traffic-control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this chapter or local traffic ordinances or to regulate, warn, or guide traffic. All such traffic-control devices hereafter erected shall conform to the state manual and specifications.

The state manual states the following regarding T intersection signs:

The T symbol sign is intended for use to warn traffic approaching a T-intersection on the road that forms the stem of the T, i.e., where traffic must make a turn either to the right or to the left. The sign should not generally be used on an approach where traffic·is required to stop before entering the intersection, nor at a T-intersection that is channelized by traffic islands, nor where Junction signing or Advance Turn Arrows are present.

The relative importance of the intersecting roads may be shown by different widths of line in the diagram.

It may be desirable to place a double-headed Large Arrow sign at the head of the T, directly in line with approaching traffic (sec. 2C–9).

■ Reading section 321.255 and the state manual together, we conclude that *if and when traffic control devices are required under section 321.255* they must conform to the manual. The initial inquiry then is whether section 321.255 requires a device or a particular one in the circumstances of the case in question.

■ Section 321.255 provides that local authorities shall erect and maintain signs "as they deem necessary" to carry out the statutes and give warning. We do not think this gives local authorities absolute discretion as to signs. Their decision to

erect signs and if so which signs to erect, or not to erect signs, is subject to the pervasive requirement of ordinary care under the circumstances. Their decisions would carry the initial presumption of validity which attends acts of public officials, McCormick, *Evidence* § 343, at 807 (2nd ed. 1972), but the plaintiff could introduce expert or other evidence endeavoring to generate a fact question as to want of due care in the decision the officials made or, in an extraordinary case, to demonstrate want of due care as a matter of law in the decision they made. We think this conclusion flows from our decisions in *Schmitt v. Clayton County*, 284 N.W.2d 186 (Iowa 1979), and *Householder v. Town of Clayton*, 221 N.W.2d 488 (Iowa 1974).

While the trial court in this case might have found on the evidence that due care required the placement of a T intersection sign, and while the county did erect additional signs after the fact, upon reviewing all the evidence in the record we are unwilling to hold that the county's original decision as to placement of a yield sign was so overwhelmingly proved deficient that we can hold as a matter of law the county officials' decision as to the sign was negligent. Plaintiffs had the burden of proving negligence, and seldom does a party having the burden of proof sustain that burden as a matter of law. *Johnson v. Svoboda*, 260 N.W.2d 530 (Iowa 1977). We hold, as with the other contested issues in the case, that this issue was for the trier of fact, which found the other way. We thus uphold the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED.

JUDGMENT OF DISTRICT COURT AFFIRMED.